F. Engelking v. F. Von Wamel.

26 469
85 604

Actions of slander and of libel are not cognizable by a justice of the peace.

The rules for the construction of statutes require that the words employed by the legislature shall be taken in their ordinary and popular acceptation, unless technical terms are used, or unless it clearly appears from the context that the words used were not intended to be understood in their ordinary and popular signification.

Although courts, in the construction of statutes, will not be governed by considerations of convenience, yet, where the meaning of words used in a statute is not obvious and plain, such considerations will not be wholly discarded in arriving at the legislative intention. In construing statutes regulating the jurisdiction of justices of the peace, courts have taken into consideration the difficulties incident to the adjudication of certain cases by justices of the peace.

Where the language used in a statute is plain and unambiguous, there is no room for construction ; and subtle and forced constructions are never admissible to limit or extend the meaning of the language employed in a statute. So, where the words used have acquired a definite meaning in law, they must be expounded accordingly.

But where the words employed in a statute are susceptible of different significations, one scientific, artificial or technical, and the other their ordinary signification in common use, the latter will generally be taken to be the sense in which they were meant to be understood by the legislature.

Appeal from Austin. Tried below before the Hon. James H. Bell.

Engelking v. Von Wamel.

This was an action of slander instituted by the appellant against the appellee before a justice of the peace of Austin county. The defendant excepted to the jurisdiction of the justice of the peace; but his exception was overruled by that official, who rendered judgment in favor of the plaintiff for one hundred dollars and costs of suit. The defendant thereupon took the case to the District Court, by *certiorari*, where the exception of the defendant to the jurisdiction of the justice of the peace was sustained and the cause dismissed.

The plaintiff appealed.

*A. W. Frear*, for the appellant.

*Hunt & Holland*, for the appellee.

WHEELER, C. J. The correctness of the judgment must depend upon the meaning to be attached to the clause in the statute (O. & W. Dig., art. 1100,) defining the jurisdiction of justices of the peace, which gives them cognizance "of all suits and actions for torts, trespasses, and other injuries to person or property, where the amount claimed, or the value of the articles, or the damages sought to be recovered, shall not exceed one hundred dollars, exclusive of interest and costs." What character of injuries to the "person" does the statute contemplate? Libel and slander, according to Blackstone and other elementary writers, are infractions of the right of personal security, and are treated of by them under the general denomination of injuries affecting the rights of persons. In their legal acceptation, as understood by the legal profession, these are injuries to the person. But it is conceived, in the ordinary and popular, as distinguished from the legal acceptation, so broad a meaning would not be attached to the expression, injury to the "person." It would be understood to mean corporal injuries, as assault, beating, wounding, &c. The rules for the construction of statutes require that the words employed by the legislature shall be taken in their ordinary and popular acceptation, unless technical words are used, or it clearly appears from the context that they were not intended to be so understood. If, then, we

Engelking v. Von Wamel.

give the words of the statute the meaning which would be attached
to them in ordinary and popular use, we do not think they would
embrace actions for libel and slander. We do not think the legis-
lature intended, by the language they have used, to give to justices
of the peace jurisdiction over these actions. It would be the exer-
cise of a novel, difficult, and very inconvenient jurisdiction, for
justices of the peace; and such an one, as it is conceived, as the
legislature did not have in contemplation in framing the statute.
Courts will not be governed by considerations of convenience in
construing statutes. But such considerations may not wholly be
lost sight of, where the meaning of words is not plain and obvious,
in arriving at the legislative intention; and the difficulty of enter-
taining jurisdiction and adjudicating in certain cases by justices,
has been considered by courts in construing statutes conferring
their jurisdiction. (Edwards v. Elbert, 12 Johns. R., 466.)

Where language is plain and unambiguous, there is no room for
construction. It is never admissible to resort to subtle and forced
constructions to limit or extend the meaning of language. And
where words or expressions have acquired a definite meaning in
law, they must be so expounded. But where they are susceptible
of different meanings, one scientific, artificial, or technical, and the
other their ordinary signification in common use, the latter will
generally be taken to be that in which they were meant to be
understood by the legislature. The use of the words "torts, tres-
passes, and *other* injuries," in the statute, shows that the legislature
were not regardful of the legal terms they employed, or, at least,
were not averse to redundancy of expression to make plain their
meaning. Using language to be construed by persons not supposed
generally to be conversant with legal science, they probably meant
it to be understood in its popular acceptation.

We are of opinion that the court did not err in holding that the
justice had not jurisdiction; and the judgment is affirmed.

Judgment affirmed.

BELL, J., did not sit in this case.