### JACOB ENDEL v. CHARLES NORRIS.

#### No. 894. Decided May 14, 1900.

**1. Judgment—Collateral Attack—Jurisdiction—Amount.**

A justice's judgment foreclosing a mortgage on personal property can not be collaterally attacked, in a subsequent suit between the parties, on the ground that the value of the property was beyond the amount of which the court had jurisdiction, when the judgment is silent as to value. (P. 543.)

**2. Same—Sequestration—Foreclosure—Presumption.**

Neither the affidavit for sequestration of mortgaged property pending foreclosure, nor the return of the officer upon the writ, determined the value of the property, which was a matter of proof on the trial; and, where the record was silent, it would be conclusively presumed, on collateral attack, that the value was proved on the trial to be an amount within the jurisdiction. (P. 543.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Fourth District, in an appeal from Rusk County.

*W. N. Moore, P. O. Beard,* and *J. R. Arnold,* for appellant.—The facts stated in the affidavit did not affect the validity of the writ. Endel v. Norris, 15 Texas Civ. App., 140; 78 Texas, 578.

The charge threw the burden on defendant Endel in this suit, to prove that all the statements made in the affidavit were true, and also that the value of the property seized by the officers was less than $200, when the burden of proof was on plaintiff, Norris, to make his case. Harris v. Finberg, 46 Texas, 90.

The act of the officer in seizing property of greater value than $200 did not determine the validity of the writ. Every jurisdictional fact, not adversely shown on the record, is conclusively presumed in favor of the judgment collaterally attacked. Hardy v. Beaty, 84 Texas, 562; Crawford v. McDonald, 88 Texas, 632; Maddox v. Summerlin, 49 S W. Rep., 1034.

When the character or value of property determines the jurisdiction

of a court, that must be taken at time of the trial. Myers v. Jones, 4 Texas Civ. App., 331; Odle v. Frost, 59 Texas, 687; Dalby v. Murphy, 25 Texas, 355.

The sequestration proceeding did not affect the judgment on the merits. Endel v. Norris, 15 Texas Civ. App., 140; Trammell v. Trammell, 20 Texas, 416; Cheatham v. Riddle, 8 Texas, 162.

*Turner & Hendricks* and *W. C. Buford*, for appellee.—We insist that a justice court has no authority to foreclose a contract lien where the value of the property exceeds $200. Lawson v. Lynch, 29 S. W. Rep., 1128, and cases cited. Having no right to enforce such lien, it follows that it exceeded its powers in issuing a writ for its seizure. All functionaries of our system of government are creatures of delegated and limited authority, and when this authority is exceeded the act done is null and void. Railway v. Randolph, 24 Texas, 332; Sydnor v. Roberts, 13 Texas, 615. Judgment of a court without jurisdiction is void, and no subsequent act will make it valid. Murchison v. White, 54 Texas, 81; Higgins v. Bordages, 88 Texas, 459. The correct rule as recognized is, where an officer with defined powers exceeds them, the burden of proving such act valid rests upon the party seeking to sustain it. Jones v. Muisbach, 26 Texas, 237; Cotulla v. Goggan Bros., 77 Texas, 33.

A judgment rendered on unauthorized service is void. 1 White & W., 457, 458; Witt v. Kaufman, 25 Texas Supp., 386; 4 Texas Civ. App., 574. It is the same when the court was without authority to issue the writ. Mills County v. Meyer, 83 Texas, 438; Craddock v. Goodwin, 54 Texas, 578. The writ being void, the appellant became a trespasser by having it executed. Last above authority.

Before a party can secure a writ of sequestration he must make an affidavit and set out each item of property and its value. Rev. Stats., art. 4490. All bonds under this statute must be in double the amount or the value of the property as set out in the affidavit. The law does not require the officer in his return on the writ to set out the value of the property, as in other proceedings, as attachment, etc. Hence, the finding by the court that the return by the officer on the writ placed the value of the property under $200, can in no way affect the decision on the question certified.

We insist that as the record in the case shows upon its face that the court had no jurisdiction of the subject matter of the suit,—the property upon which it was sought to foreclose the lien,—the lower court very properly followed the direction of the higher court as expressed in its opinion on former appeal (see Endel v. Norris, 39 S. W. Rep., 608), in allowing appellee to introduce in evidence the affidavit of appellant for the writ of sequestration and to follow this up by proof, in rebuttal of what appellant offered in explanation, as to the true value of the property.

We certainly made out a prima facie case of trespass when we showed a seizure of property alleged by appellant to be worth $225, under a

writ issued by a justice of the peace. This was a part of the record, and prima facie showed that the court had no jurisdiction of the subject matter set out in it. The question presents itself then: Are they not the ones who are seeking to contradict the record by proof aliunde? True, they offered the judgment foreclosing the lien upon all the property set out in the writ, but it is said by our court that jurisdiction must first attach as to the person and subject matter before the court can hear and determine a cause. "The exercise or assumption of a power when a fact necessary to its existence is wanting, is usurpation." Stewart v. Anderson, 70 Texas, 597; Jones v. Muisbach, 26 Texas, 237; Crawford v. McDonald, 88 Texas, 631.

The fact of want of jurisdiction of the justice court is found in the record. This being so, it devolved on appellant, who was seeking the protection of the judgment, to establish the right of the court to foreclose the lien upon said property. Stewart v. Anderson, 70 Texas, 593; 18 Wall., 364. Where the record shows want of jurisdiction the judgment is void. Collins v. Miller, 64 Texas, 118. The question of jurisdiction is determined by the record at institution of the suit. 1 White & W. C. C., sec. 1028. Affidavit is part of record. 1 White & W. C. C., sec. 1092. Where the record is silent, want of jurisdiction may be shown as to judgment of justice courts. Wilkerson v. Schoonmaker, 77 Texas, 617. Whenever there is want of power in the court, its act is a nullity. Withers v. Patterson, 27 Texas, 494.

BROWN, Associate Justice.—The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and question:

"J. Endel brought suit against Norris in the justice court upon a claim of $131.53 and to foreclose a mortgage on personal property, and sued out a writ of sequestration, in the affidavit for which he stated the value of the property to be $225. The judgment was for plaintiff, by default, for the full amount of the claim, and foreclosure of the lien, from which no appeal was taken. The return upon the writ of sequestration shows the value of all the property seized as about $183.83, not including, however, a mule, which was valued in the affidavit for sequestration at $65, and which the return on the order of sale showed was sold for $60.25. The record of that proceeding is silent as to any ascertainment of the value of the mortgaged property by the justice; except that the judgment states the mule as valued at $65.

"The present action is by Norris against Endel for damages for the alleged wrongful and malicious issuance and levy of the said writ. One of the grounds alleged for this action, and one of the issues, is that the value of the property in controversy in the justice court, viz., the mortgaged property, exceeded the jurisdiction of that court and therefore the proceedings were void, and defendant thereby wrongfully took, under the semblance of legal authority, the plaintiff's property and converted it to his use and benefit.

"Question.—Was plaintiff, in this collateral proceeding, entitled to question the validity of the justice's judgment for want of jurisdiction, by reason of the value of the property there in controversy?"

We answer the above question in the negative.

Neither the affidavit upon which the writ of sequestration was based nor the return of the officer upon that writ determined the value of the property on which it was sought to foreclose the mortgage lien, nor did they limit the proof which might be made before the court upon that question. The record does not show that the property upon which it was sought to foreclose the lien was of greater value than the sum of $200. In this condition of the record, proof might have been made upon the trial of the case, showing the value to be within the jurisdiction of the court; and it will be conclusively presumed that such proof was made and that the court, upon inquiry, found it had jurisdiction of the subject matter of the suit. Martin v. Robinson, 67 Texas, 379; Murchison v. White, 54 Texas, 78. In the case of Martin v. Robinson, the court said: "If it would be possible to prove facts sufficient to sustain the administration, it must be presumed, on such attack, that these very facts were proved before administration was granted." We think that this rule has peculiar force and application to this case, in which the question of jurisdiction depends upon a fact to be determined by the court on testimony produced at the trial.