**MOTOR MORTG. CO. et al. v. FINGER.**

**No. 2707.**

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1947.

Rehearing Denied March 6, 1947.

Tom P. Scott, of Waco, and Taylor & Taylor, of Marshall, for appellants.

Fitzpatrick & Dunnam, of Waco, for appellee.

TIREY, Justice.

This is a plea of privilege (non-jury) case. S. J. Finger brought this suit in the district court of McLennan county against John W. Duncan, a resident of McLennan county, and S. E. Wood, Jr., and Motor Mortgage Company, a corporation, both of whom are residents of Harrison county, Texas. Defendants Wood and Motor Mortgage Company filed their pleas of privilege to be sued in the county of their residence, which the plaintiff controverted, and after hearing the court overruled said pleas, and these defendants have appealed.

Appellants' first point assails the judgment overruling their pleas of privilege substantially on the ground that plaintiff's cause of action is grounded upon a collateral attack upon the judgment of a court of competent jurisdiction. We sustain this contention.

Pertinent to this discussion, plaintiff alleged substantially that he was a resident citizen of McLennan county, Texas; that defendants Wood and the Motor Mortgage Company were residents of Harrison county, Texas, and that Duncan was a resident of McLennan county, Texas; that on the 14th of September, 1942, plaintiff was the owner of a 1938 model DeSoto four door sedan automobile of the reasonable value of $1,200, and that the same was in his possession in McLennan county; that on said date the defendants unlawfully took possession of said automobile and converted it to their use and benefit to his damage in the sum of $1,200; that he was inducted into the United States Army on the 13th of April, 1942 and remained continuously therein until October 15, 1945, at which time he was honorably discharged. Plaintiff, in his controverting affidavit to the defendants' pleas of privilege, among other things, alleged: "This was a suit for damages resulting from the suing out of an alleged sequestration and for the alleged levying of a void sequestration, the same having been levied in the County of McLennan, State of Texas * * * that the court issuing said alleged writ of sequestration never had jurisdiction to hear and determine the alleged suit claimed to have been filed therein, and that therefore any alleged process issuing therefor was void and of no force and effect," and says in effect that the taking of the car by defendant Duncan under said void writ constituted a trespass within the meaning of subdivision 9 of Art. 1995, Vernon's Ann.Civ.Stats.

The pertinent testimony is undisputed that on October 25, 1941, plaintiff purchased a 1938 four door DeSoto sedan from S. E. Wood, Jr., for a total consideration of $609; that of this amount $195 was paid by a used car and plaintiff gave his promissory note to Wood for the sum of $414, dated October 25, 1941, which note, principal and interest, was payable $23 on November 25, 1941, and $23 on the 25th day of each month thereafter until paid in full. The note was payable at Marshall, Texas. The note described the car, and provided: "which I agree will not be removed from Harrison county, Texas, this day sold and delivered to me (us) by S. E. Wood, Jr." This note was secured by chattel mortgage on the car. Defendant Wood, for a valuable consideration, transferred the note and mortgage to defendant Motor Mortgage Company. Plaintiff tendered in evidence certified copy of the petition filed by the Motor Mortgage Company against Finger, No. 2176 in the County Court of Harrison county, in which

it sought to recover from Finger on the promissory note aforesaid and for foreclosure of the mortgage lien. The petition was filed on the 8th day of July, 1942, and it alleged that there was a balance due on the note of $299 and interest, but it did not allege the value of the mortgaged property. Plaintiff also tendered in evidence affidavit and bond for writ of sequestration (also the sheriff's return thereon), filed in the County Court of Harrison county, which affidavit described the car and stated that it was of the value of $300 and that it was in McLennan county, Texas. The writ of sequestration was issued and placed in the hands of Duncan, sheriff of McLennan county, and the writ was executed by him on the 14th day of September, 1942, and the automobile was placed by him in a garage in Waco, Texas.. The plaintiff also tendered in evidence the judgment dated October 19, 1942, entered in the County Court of Harrison county, which judgment among other things recited that defendant was in the military service of the United States as defined by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 501 et seq., and that an attorney had been appointed to represent him, and that said attorney had filed an answer for defendant. This judgment further set out "and the cause of having been submitted to the court and the court having heard the pleadings, evidence and argument of counsel finds that not as much as 50% of the purchase price of the hereinafter described property has been paid and that the note and mortgage in question originated after the date and approval of the Soldiers' and Sailors' Relief Act of 1940 and being of the opinion that plaintiff should have the relief for which they pray" and decreed that the Motor Mortgage Company recover of the defendant Finger its debt in the sum of $299 with interest and costs and for foreclosure of its mortgage lien, and provided "that an order of sale issue to the sheriff or any constable of Texas wherein said property is situated, directing him to seize and sell the same as under execution in satisfaction of this judgment." Plaintiff also tendered the order of sale and the return thereon which showed that it was issued on the 10th of November, 1942 and was executed by the Constable of Precinct No. 3 of Harrison county, Texas, and the return recited that it was sold to S. E. Wood, Jr., for the sum of $25.

■ It is the contention of appellee here that since said petition of the Motor Mortgage Company, tendered in evidence, failed to allege the value of the automobile sought to be foreclosed, the County Court of Harrison county was without jurisdiction and the judgment tendered in evidence establishing the debt and foreclosing said mortgage lien was void and for that reason appellee's suit here does not constitute a collateral attack upon the judgment of the County Court of Harrison county. What is a collateral attack on a judgment as distinguished from a direct attack was definitely settled by our Supreme Court in Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, point page 327. It is there stated:

"Where a domestic judgment is sought to be impeached in order to determine the rules of law governing the particular proceeding, it becomes necessary to consider (1) whether such judgment was rendered by a court of general jurisdiction over the subject-matter of the suit or proceeding in which same was rendered; (2) whether the attack is being made by parties thereto or their privies, or by strangers; (3) whether the attack is direct or collateral; (4) whether the evidence adduced to support the attack is apparent on the face of the record of the proceedings in which such suit was rendered, and, if not, whether evidence aliunde is competent; and (5) whether the ground of the complaint is one which, if true, goes to the power of the court to render the judgment, or is a mere matter of procedure. * * *

"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc. A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the

purposes aforesaid as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness, or where, in a suit to try the title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect, etc." The foregoing definition is clear and is binding on this court.

The next question that presents itself to us is the application of this rule to the undisputed factual situation before us. This question, we think, is answered for us by our Supreme Court in Endel v. Norris, 93 Tex. 540, 57 S.W. 25. In the foregoing case Norris brought suit in the county court against Endel for damages for the alleged wrongful and malicious issuance and levy of a writ of sequestration issued out of the justice court where Endel had brought suit against Norris to establish a claim for $131.53 and to foreclose a mortgage on personal property. In the justice court case it appears that Endel made affidavit that the property covered by the mortgage was of the value of $225 and caused writ of sequestration to issue. He obtained a judgment by default for the full amount of his claim and for foreclosure of his claim and no appeal was taken. The return upon the writ of sequestration showed the value of the property seized to be $183.83, not including, however, a mule which was valued in the affidavit for sequestration at $65 and which the return on the order of sale showed was sold for $60.25. The record of that proceeding is silent as to any ascertainment of the value of the mortgaged property by the justice, except that the judgment states the mule as valued at $65. Norris sought to recover against Endel on the ground that the value of the mortgaged property in controversy in the justice court exceeded thhe jurisdiction of that court and therefore the proceedings were void and that Endel wrongfully took property by writ of sequestration under the semblance of legal authority and converted Norris' property. The Court of Civil Appeals certified the following question to the Supreme Court: "Was plaintiff, in this collateral proceeding, entitled to question the validity of the justice's judgment for want of jurisdiction by reason of the value of the property there in controversy"? The Supreme Court answered "No" and said: "Neither the affidavit upon which the writ of sequestration was based, nor the return of the officer upon that writ, determined the value of the property on which it was sought to foreclose the mortgage lien; nor did they limit the proof which might be made before the court upon that question. The record does not show that the property upon which it was sought to foreclose the lien was of greater value than the sum of $200. In this condition of the record, proof might have been made upon the trial of the case showing the value to be within the jurisdiction of the court; and it will be conclusively presumed that such proof was made, and that the court, upon inquiry, found it had jurisdiction of the subject-matter of the suit. Martin v. Robinson, 67 Tex. [368,] 379, 3 S.W. 550; Murchinson v. White, 54 Tex. 78."

The case of Floyd v. Watkins, 34 Tex. Civ.App. 3, 79 S.W. 612, 613, writ referred, vividly illustrates the application of the above rule. It appears that in this case Watkins brought an action in trespass to try title in the district court of Falls county. He based his title upon a judgment rendered in suit for debt and foreclosure of a mortgage lien in a district court of McLennan County and the defendant sought to avoid the effect of such judgment by tendering evidence to establish the fact that the district court of McLennan county did not have jurisdiction to hear and determine the case. The court said: "This is a collateral attack, and, in order to sustain it, it must be made to appear from the record of the case in which the judgment was rendered, or otherwise, that the court was without jurisdiction. Ablowich v. [Greenville Nat.] Bank, 95 Tex. 429, 67 S.W. 79, 881. The rule is 'that, when the judgment or decree of a domestic court of general jurisdiction is collaterally attacked, it must be deemed valid, unless it appears that no facts could have been shown which would render it so.' Martin v. Robinson, 67 Tex. 368, 3 S.W. 550, Endel v. Norris, 93 Tex. 540, 57 S.W. 25." See also, Hartford Fire Ins. Co. v. King, 31 Tex.Civ.App. 636, 73

232

S.W. 71, point page 73; Wilmans v. Great Southern Life Ins. Co., Tex.Civ.App., 141 S.W.2d 407, point 3.

 Since it is well settled that district, county and justice courts are all courts of general jurisdiction within the limits of the Constitution fixing jurisdiction (see Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844, Com.App. opinion adopted, and Crawford v. McDonald, supra), can we say from this collateral attack on the judgment entered in the county court of Harrison county that no facts could have been shown which would render the judgment entered valid? We think not. "When a judgment of a court of record having general jurisdiction is collaterally called in question, it must be deemed valid unless it appears that no facts could have been shown which would render it so." See Hartford Fire Ins. Co. v. King, supra [31 Tex.Civ.App. 636, 73 S.W. 73]. Applying the above rule to the undisputed factual situation here, plaintiff did not show that the defect in the pleading was not cured by trial amendment, nor did he show that on the trial of the cause testimony was not tendered showing the value of the car foreclosed to be between the sum of $200 and $1,000. Surely the plaintiff had the burden of conclusively showing that the judgment in the county court of Harrison county was void. We think he failed to carry this burden. Moreover, this cause was tried under the new rules. Rule 90, Texas Rules Civil Procedure, provides: "General demurrers shall not be used. *Every defect, omission or fault in a pleading either of form or of substance,* which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered." (Italics ours.)

The reason for the rule here invoked (prior to the adoption of the new rules) is forcefully stated in Crawford v. Mc-Donald, supra: "There is however, another rule of law, equally well settled upon principles of *public policy,* which precludes inquiry by evidence aliunde the record in a collateral attack upon a judgment of a domestic court of general jurisdiction, *regular on its face,* into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Therefore it is well settled that, where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically, the judgment is, in fact, void, but on grounds of public policy the courts, in order to protect the property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore, for all practical purposes, in such collateral attacks, the judgment is held valid. This rule is anologous to, and probably as important as, the rule forbidding the introduction of verbal testimony to vary or contradict the terms of a written contract, except in a proceeding instituted for the purpose of correcting, reforming, or annulling the same. These principles have long been acted upon by this court as applicable to judgments of the district, probate, and justice courts, and have become settled rules of property in this state." (Italics ours.) Our Supreme Court has not seen fit to change the above rule. See Security Trust Co. of Austin v. Lipscomb County, 142 Tex. 572, 180 S.W.2d 151, points 6 and 7, page 156, Com.App. opinion adopted.

 Since the judgment rendered against Finger in favor of the Mortgage Company in the county court of Harrison county was regular on its face, and since there was no appeal therefrom, the recitals in said judgment import absolute verity and are not subject to the collateral attack here made upon it. See Bemis v. Bayou Development Co., Tex.Civ.App., 184 S.W. 2d 645, points 6–8, and authorities there

collated, writ of certiorari denied 66 S.Ct. 43. See also Smith v. Walker, Tex.Civ. App., 163 S.W.2d 857, points 1–2, 859, writ referred. Since there was no evidence that the defendant Duncan did anything except to execute the writ of sequestration, as was his duty to do as a peace officer when the writ was placed in his hands, the plaintiff wholly failed to allege and prove a cause of action against the resident defendant Duncan. See Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, Com.App. opinion adopted, points 3, 4 and 5. It is obvious that no other exception to the venue statute applies and it follows that defendants' pleas of privilege must be sustained.

Therefore, it is ordered that the judgment of the trial court be reversed and judgment is here rendered that the pleas of privilege be sustained and the cause transferred to the district court of Harrison county, Texas.

On Motion for Rehearing.

On February 13, 1947, the pleas of privilege of appellants S. E. Wood, Jr., and the Motor Mortgage Company, a corporation, were sustained and the cause transferred to the District Court of Harrison County, Texas. We are of the opinion that it was error for this court to transfer the entire cause to Harrison County inasmuch as plaintiff alleged a joint and several liability against the resident defendant Duncan and his codefendants. See 'Comer v. Brown, Tex.Com.App., 285 S.W. 307. See also Merchants Fast Motor Lines v. Levens, Tex.Civ.App., 161 S.W.2d 853; Ligon v. Hommel, Tex.Civ.App., 189 S.W.2d 23.

Accordingly, the judgment of this court heretofore entered, transferring the entire cause of action to Harrison County is set aside, and it is ordered that the cause of action asserted by plaintiff, insofar as the same relates to appellants S. E. Wood, Jr., and the Motor Mortgage Company, be transferred to the District Court of Harrison County, Texas, as provided by Rule 89, Texas Rules Civil Procedure.

Accordingly, appellee's motion for rehearing and the motion to certify to the Supreme Court are hereby overruled.