## CRAWFORD et al. v. THOMAS et al.
### No. 2877.

Court of Civil Appeals of Texas. Waco.
Feb. 16, 1950.

Rehearing Denied April 13, 1950.

Naman, Howell & Boswell, Waco, for appellants.

Rex Emerson, Waco, Scott, Wilson & Cureton, Waco, for appellees.

LESTER, Chief Justice.

The appellees Lacys acquired certain blocks in the Dean Addition and filed a replatting thereof and created Hillcrest Annex Addition. Said new plat changed the lot lines, streets and residential character of some of said blocks. In August 1947, the appellants here filed suit in the 54th District Court, being No. 28348, against the Lacys alleging, among other things, that they were the owners of certain lots in Block 40 of the Dean Addition; that some of the lots front on Pine Street and some are contiguous to 33rd Street; that in the plat of the Dean Addition, 33rd Street was open from Trice Avenue on the south to a point some 200 feet north of Pine Avenue and beyond the north line of Block 42, where it opened into what is known as the old Speegleville Road; that they purchased and acquired their lots in said Block 40 with reference to said lots and blocks and streets and alleys, and the location and dimensions thereof 'and the advantage of such streets and alleys and locations, all as shown in the recorded plat of Dean's Addition, and in reliance upon said restriction agreement of the defendants, have placed on said property a dwelling house and other improvements for residential purposes at considerable cost and of very great value; that in violation of said agreement and contrary to said plat of said Dean Addi-

tion, the defendants have completely obliterated and disregarded the subdivision of said lots in Block 41 and the location and existence as an open street of said 33rd Street, by executing a new plat creating what is therein denominated as Hillcrest Annex Addition, causing said plat to be filed for record in the Deed Records of McLennan County, Texas; and that in said new plat the dimensions and locations of said lots in Block 41 are completely changed, and said 33rd Street as shown in said Dean's Addition plat is wholly obliterated and converted into lots in said new Block J of said Addition, and being a part of Lots 7, 8, 9, 10, 11 and 22 in such new block. They further pleaded that the defendants, contrary to said Dean's Addition plat and in breach of said restriction agreement, have conveyed the south end of Lots 5, 6, 7 and 8 of said Block 41 not for residential purposes as provided in said agreement, but to McLennan County for use as a road or highway, and subsequent to such deed McLennan County has opened up and is now devoting such area to public use as a broad highway, which greatly diminishes the value of their property; that the defendant is threatening to use said portion of 33rd Street included in said new addition for the creation of what is known as a community store center to be used for business and commercial purposes, and to that end is proceeding to close up said street and erect thereon such community stores or business structures, or offer said property for sale for said purpose; that if the lots and streets as shown in said Dean's Addition plat are preserved the residences on plaintiffs' lots will face residences that cannot exceed the restricted number in said Block 41 and a broad street to the west thereof open to the north beyond such lots; and that the closing up of said street will destroy or greatly diminish the value of plaintiffs' property; and asked that the defendants be enjoined from doing any and all of the things complained of.

In September 1947, the appellants here filed another suit in the 54th District Court, being No. 28417, against the Lacys, in which they sought an injunction against

them: "1 (a) From using, conveying, selling or otherwise disposing of any interest in said Blocks 42 to 45, inclusive, except in accordance with the said plat of Dean's Addition, and only for residential purposes, and from disregarding the lines of said lots and blocks as shown in said Dean's Addition, and from constructing or maintaining any structure or improvement in disregard of the lines as shown in said plat, or creating any new lines or a new plat different from the lines as shown in said Dean's Addition plat, and from using or permitting such lots to be used for any purpose other than for a residence; (b) from operating or constructing or in anywise building or maintaining any structure or any improvements of any kind or character, in said streets and alleys shown in said Dean's Addition plat, except water, sewer and other utilities as are properly located in said alley easements."

These two suits were consolidated and settled by agreements of the parties and an agreed judgment entered. One of the settlement agreements in part provides that the Lacys and Hillcrest will convey certain lots in Block J of the Hillcrest Annex Addition to Crawford, among them being Lot 12 and that part of Lot 11 in said block east of the continuation of the present east curb line of 33rd Street. Lot 12 and part of Lot 11 were formerly in Block 41 of the Dean Addition. Crawford agreed to construct a standard curb and gutter along said line to its intersection with the West line of Lot 11 and along the present north curb line of Pine Street. Lacys agreed to continue to curb and gutter from the west line of Lot 11 around to 33rd Street as now located. Other portions of the agreements and judgment material here will be disclosed a little later.

This suit was filed in the 74th District Court by Tillman R. Thomas, Sr., against W. F. Crawford, Hillcrest Realty Company, Walter G. Lacy, Jr., Roane M. Lacy, Lawrence C. Lacy, Trustees for themselves and Lucile Lacy Taylor. He sought to recover damages against Crawford for trespass upon Lot 10 and part of Lot 11 of the Hillcrest Annex Addition, which the said Thomas held under a lease from the Hillcrest Realty Company. He also sued the Lacys to ascertain the title to the property held by him under said Lease. The Lacys and Hillcrest Realty Company filed a cross-action against the said W. F. Crawford and the intervenors, Mrs. Winifred Crawford Morris and husband, suing in one count in trespass to try title to Lots 7, 8, 9, 10, 11 and 12 in Block J of the Hillcrest Annex Addition; and secondly, sought a construction of the compromise settlement agreements entered into between the Lacys and said Hillcrest Realty Company on one hand and the appellants on the other and the judgment entered in the 54th District Court in the consolidated Causes Nos. 28384 and 28417, and pleaded said judgment as res judicata and further pleaded that appellants were estopped to attack the validity of said judgment and agreements.

At the conclusion of the evidence the trial court decided there was no issue of fact to go to the jury; therefore he withdrew the cause from the jury and entered judgment construing the settlement agreements and judgment entered in the 54th District Court, as material to the issues here raised, as follows: The court found that the judgment and settlement agreements were binding, and that title to the portion of property embraced in the old Speegleville Road is in the Lacys free from all restrictions and encumbrances, and that said road is closed and the Lacys are free to erect improvements thereon, and that the title to the area embraced in old North 33rd Street between Blocks 41 and 42 of the original Dean Addition is in the Lacys, subject only to the restriction that as between the Lacys and the appellants no structure or improvement will be built on same and it will be kept open, but not as a street to the public, and entered judgment accordingly. The court further found that Crawford was guilty of a trespass in entering upon the property embraced in the old North 33rd Street between Blocks 41 and 42 of the original Dean Addition and assessed nominal damages in favor of Thomas against Crawford in the sum of one dollar and costs.

In order to clarify the issues raised, the following plat, which we designate as No. 1, reflects the exact situation of the property here in question prior to the replatting by the Hillcrest Annex Addition. We find in appellant's brief a plat, which is substantially correct, portraying the situation after the replatting and the effect of the judgment of the trial court, which we here reproduce and designate as No. 2:

**No. 1**

**No. 2**

3 Above — Judgment puts title In Lacys free of Restrictions.

BLK. 41
Judgment held the area in 33rd St. embraced between Blks. 41 & 42 and the Old Speegleville Road and Pine St. is open but not open as a street.

4 Above
Judgment restricts construction in Blk. 42, Dean Addition, (Lots 9, 10 & 11 Hillcrest Addition) nearer to Pine than present Store Bldg. of Thomas.

Prior to the replatting the old Speegleville Road entered North 33rd Street from the west and at the north line of Block 42. Since the replatting 33rd Street as extended goes around Block 42 to the south and west and the portion of the old Speegleville Road north of Block 42 is closed and North 33rd Street as it formerly existed is closed at the north intersection between Blocks 41 and 42.

Appellant's first point is as follows: "Under the judgment in suits Nos. 28348 and 28417, consolidated, and the settlement agreements, 33rd Street was preserved as a street and the defendant, W. F. Crawford, had a right to use it as a street, and in the absence of damage from negligence in such use, was not guilty of a trespass as a matter of law."

As both parties contend here, and so contended in the trial court, that the settlement agreements and the judgment entered in the 54th District Court are clear and unambiguous, the question is, what did the parties actually agree to? In order to decide the question we must look to the settlement agreements and the judgment. In one of the settlement agreements we find incorporated therein the following:

"An agreed judgment will be entered in the pending suits dissolving the restraining order, confirming the replatting of the area embraced in the Hillcrest Annex Addition, quieting the title to the old Speegleville Road, and the old alley-way to the North of Block 41, the portion of North 33rd Street embraced in the Hillcrest Annex Addition and the portion of Pine Street between Blocks 42 and 43 of the original Dean Addition. * * *

"No building or structure will be built on the portion of old North 33rd Street between Blocks 41 and 42 of the original Dean Addition and said part of said 33rd Street will be kept open. * * *

"All agreements with reference to restrictions and uses of the respective properties herein described shall be between the parties. * * *

"The only restrictions on the use of the property shall be those set forth in this agreement which shall inure solely to the benefit of the parties hereto and their successors in title to Lots 1 to 8, of Block 40, and not to the public or any other persons or property owners."

In the other settlement agreement it was provided that the appellees, being the owners of Lots 9, 10 and 11 in Block J of Hillcrest Annex Addition as per amended plat, covenanted and agreed with the appellants herein as the owners of Lots 1, 2, 3, 4, 5, 6, 7 and 8 in Block 40 of the Dean Addition, and their heirs and representatives and successors in title to said lots, that said Lots 9, 10 and 11 of said Block J will be owned, held and used by said owners thereof and their successors in title in accordance with the agreements therein contained. Paragraph No. 1 of said agreement provided: "No building or structure will be built on the portions of said lots that were formerly. part of North 33rd Street between Block 41 and 42 of the original Dean Plat and said portion thereof shall be kept open."

Paragraph 3 provided: "This agreement is for the benefit of and shall inure only to the benefit of and may be released at any time in whole or in part by the said Winifred Crawford Morris and W. F. Crawford, or their successors in title to said Lots 1 to 8 in Block 40 of the Dean Addition."

The judgment entered by the trial court provided: "It is ordered that plaintiffs Lucile Cooper Lacy and husband, Walter G. Lacy, and Walter G. Lacy, Jr., Roane M. Lacy, Lawrence C. Lacy as Trustees for themselves and Lucile C. Lacy Taylor, do have and recover of and from Winifred Crawford Morris and husband, James R. Morris, and W. F. Crawford, individually and as class representatives of all other property owners similarly situated judgment declaring and confirming the validity of the replatting of the area embraced in the Hillcrest Annex Addition and quieting their title to the area formerly a part of the old Speegleville Road and a portion of North 33rd Street now embraced in said Hillcrest Annex Addition and the alley, if any, on the North side of Block 41 as per the original plat of the Dean Addition, and the portion of Pine Street between Blocks 42 and 43 of said original plat of

Dean Addition and declaring said streets and alleys closed and abandoned, and that the new plat of the Hillcrest Annex Addition is a valid and subsisting plat and subdivision."

In respect to validating the replatting of the Hillcrest Annex Addition and quieting title to the property in the Lacys, said judgment further provided: "It appearing to the Court that under the terms of this agreement the defendants (appellees here) recover upon their cross-action herein judgment confirming the re-platting of the area embraced in the Hillcrest Annex Addition, quieting their title to the area that was formerly the old Speegleville Road and the portion of North 33rd Street embraced in Hillcrest Annex Addition."

There can be no doubt that such instruments, by clear and specific terms, confirmed the validity of the replatting of the area embraced in the Hillcrest Annex Addition in its entirety, and quieted title to the property in the Lacys; and by agreeing to the judgment which provided "and declaring said streets and alleys closed and abandoned and that the new plat of the Hillcrest Annex Addition is a valid and subsisting plat and subdivision", they evidenced the clear intention that old North 33rd Street should be closed as a street. What did the parties intend by using the clause "declaring said streets and alleys closed and abandoned" if they did not intend that said streets and alleys should be closed as public thoroughfares? "Abandoned" is defined by Webster's Dictionary as: "to relinquish or give up with the intent of never again resuming or claiming one's rights or interests in; to give up absolutely; to give over or surrender utterly." Appellants contend that the provision of the contract that no building or structure will be built on the portion of old North 33rd Street between Blocks 41 and 42 of the original Dean Addition and that said part of old North 33rd Street will be kept open, means that it was to remain open as a street. It would be impossible for the area to be closed as a street and to remain open as a street at the same time. Why should such area be referred to as formerly part of North 33rd Street if it was to remain open as a street? It could not be closed and open in the same sense at the same time. For what purpose did they provide the wholly unnecessary provision that "no buildings or obstructions should be placed thereon" if it was intended that it should remain an open street? In every instance in which it is provided that the area should be kept open it is immediately preceded by the language that "no building or structure will be built on the same." "Open" is defined in part by Webster's New International Dictionary as: "(2) open or unobstructed space, as land without trees or obstruction." One of the contentions of the appellants in the causes in the 54th District Court was that the appellees were threatening to use a portion of 33rd Street embraced in said new addition for the creation of what is known as a community store center, to be used for business and commercial purposes, and to that end were proceeding to close up said street and erect thereon such community stores or business structures, and if permitted to do so it would greatly depreciate the value of their property. These suits were settled by agreements and judgment which was approved by all the parties. Said judgment vested and quieted title in the Lacys, and further provided that "said streets and alleys closed and abandoned", and confirmed the replatting of said addition. An express and specific provision in an instrument cannot be destroyed by implication. U. S. Fire & Insurance Co. of New York v. St. Louis & B. & M. R. Co., Tex.Civ.App., 41 S.W.2d 118; Joseph v. Bostick, Tex.Com.App., 276 S.W. 672.

We are of the opinion that the agreements and judgment entered clearly reveal that the parties were contracting with the intention of all the parties that old North 33rd Street should be closed, with the restriction that no building or obstruction be placed thereon, and that said area should remain an open space but not a public street. The area that was formerly old 33rd Street having been closed by the terms of the agreements and judgment and the title thereto quieted in the Lacys, and the appellee Thomas being a lessee of said property from the Lacys, W. F. Crawford

was guilty of a trespass when he with his contractor, over the objection of Thomas, scarified and squeegeed a portion of said area, and it was not error upon the part of the trial court in so holding and assessing nominal damages in the sum of one dollar and costs against him. McDaniel Bros. et al. v. Wilson et al., Tex.Civ.App., 70 S.W. 2d 618, writ ref.

Appellant's second point is: "The court erred in holding that the old Speegleville Road belonged to the Lacys free of all restrictions". The appellants agreed that the area which was formerly the old Speegleville Road should belong to the Lacys free of all restrictions and the judgment in the 54th District Court quieted title to the same in the Lacys and declared the same to be unrestricted as to its use. Appellants say that there was no showing in the trial in the 54th District Court that the Commissioners Court of this county complied with Article 6705 of the Revised Statutes in reference to closing a road and opening a new one. We do not know what the evidence was before the 54th District Court at the time the judgment was entered and it is of no concern here. The 54th District Court is a court of general jurisdiction and its jurisdiction cannot be collaterally attacked in such a manner. The law presumes that the court had sufficient evidence to support its judgment in attacks of this nature. Endel v. Norris, 93 Tex. 540, 57 S.W. 25; Long v. Chapman et al., Tex.Civ.App., 151 S.W.2d 879; Mercer v. Rubey, Tex.Civ.App., 108 S.W.2d 677; Motor Mortgage Co. et al. v. Finger, Tex. Civ.App., 200 S.W.2d 228. Furthermore, the appellants are in no position to raise the question after agreeing that the title should be quieted in the Lacys, that the area should be closed and abandoned without restriction as to its use, and thereafter accepting the benefits accruing as a result of said agreement. Sigel v. Buccaneer Hotel Co., Tex.Civ.App., 40 S.W.2d 168, 169.

Appellants' third proposition is: "The court erred in defining the point of proximity of structures on Lots 9, 10 and 11 in Hillcrest Annex Addition (Block 42 Dean's Addition) as the east line of the store building of the plaintiff", and in support of this say that the line to which buildings in Block 42 may be extended with reference to Pine Street was most definitely fixed in one of the settlement agreements, and the judgment appealed from, by fixing the point as the east line of the store building now rented by plaintiff Thomas, will create confusion in that in the future who can say what store Thomas rented at the time of this suit; that in the settlement agreement, which was drawn with much care, the location of the limiting line was surveyed and fixed with precision and as a permanent landmark. We find that the parties agreed that no building or structure will be built on portions of said lots that were formerly part of North 33rd Street between Blocks 41 and 42 of the Original Dean Plat and said portion thereof shall be kept open. We find in paragraph 2 thereof the following: "No building or structure will be built on said lots nearer Pine Street than the east line of the building now in construction, said east line of said building being located as follows: Beginning at the Southeast corner of Lot 11 of said Block J and in the North line of Pine Street as now located; thence in a Northerly direction along the East line of said Lot 11 50.9 feet; thence in a westerly direction and perpendicular to the East line of Lot 11 across said Lots 11 and part of 10 of said Block J 113.9 feet at the Southeast corner of said building now in construction; thence in a northeasterly direction along the East line of said building 25.3 feet to the Northeast corner thereof; thence leaving said building in an easterly direction and perpendicular to the East line of said Lot 11 and recrossing part of Lot 10 and Lot 11, 103.1 feet to the East line of said Lot 11; thence in a southerly direction along the East line of said Lot 11, 73.8 feet to the North line of Pine Street as now located, and the point of beginning."

In order to avoid any confusion from contingencies that might arise in the future, we are of the opinion that this part of the trial court's judgment should be reformed so as to include the description set out above, as agreed to, and the same is so ordered.

Appellants' fourth proposition is: "The court erred in overruling plea in abatement of the defendant W. F. Crawford to cross-action of the defendants Lacy and Hillcrest Realty Company, because all persons affected by the construction of the settlement agreements and judgment entered in Causes Nos. 28348 and 28417 which was sought in said cross-action were necessary parties, and it was affirmatively shown that W. H. Dickson and wife, Ann Dickson, held title to lots affected by such construction or interpretation." Article 2524—1, Sec. 11, Vernon's Ann.Civil Stats., relating to declaratory judgments, provides that all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. The appellees Lacys sued by cross-action in two counts, first, in trespass to try title and secondly, for declaratory judgment. The record shows that subsequent to the settlement agreements and judgment the Dicksons acquired the lots they now own from W. F. Crawford, and they are bound to the same extent that Crawford would be bound if he still owned said lots. The appellees suing in trespass to try title, the court had to construe the agreements and judgment in order to fix the rights of the parties to the property involved. The record does not show any other person was asserting ownership or claim to the property except Crawford. There was no partition sought. It was not error of the trial court to try the case as to the parties before the court. If the Dicksons have some interest in the subject matter their rights have not been prejudiced as they were not parties to the litigation and therefore are not bound by the judgment. Heirs of Tevis v. Armstrong et al., 71 Tex. 59, 9 S.W. 134; Booty v. O'Connor, Tex.Civ.App., 13 S.W.2d 220.

The judgment of the trial court is hereby reformed as above provided, and in all other respects the same is affirmed.

TIREY, Justice (dissenting).

On a former day of this term I wrote the unanimous opinion in the above cause in which this court affirmed in part and reversed and rendered in part the judgment of the trial court. After the submission and argument of the motion for rehearing I have again carefully reviewed the record and I have not changed my view as to the disposition that should be made of this cause and I am therefore unable to agree with the majority opinion of the court this day handed down and I accordingly file my dissent.

The nature of the controversy is such that it is necessary for me to make a detailed statement.

This is a suit for damages alleged to have been sustained by the plaintiff Thomas by virtue of a trespass upon his premises by W. F. Crawford, and also involves the title to a part of the old Speegleville Road and a portion of North 33rd Street lying between Blocks 41 and 42 of the original Dean Addition to the City of Waco, McLennan County, Texas, and also the title to certain lots not pertinent to this discussion, which, under the evidence and admission of plaintiff, passed out of the case. At the close of the evidence the court withdrew the matter from the jury and held in effect: That the contract of settlement and agreement between the Lacys and Crawford and the judgment entered in Causes Nos. 28348 and 28417, consolidated, in the 54th District Court, were not ambiguous and that there was no issue of fact to go to the jury, but found that defendant Crawford was a trespasser on the property under lease to plaintiff and that the plaintiff was entitled to nominal damages in the sum of $1 and costs; that the title is quieted in the Lacys to the area formerly a part of the old Speegleville Road and the portion of 33rd Street now embraced in Hillcrest Annex Addition, which includes a part of Lots 9, 10 and 11, and which property lies between Blocks Nos. 41 and 42 of the original Dean Addition and the alley on the north side of Block No. 41; that said streets and alleys are closed and abandoned and that the title to said property embraced therein is in the Lacys; that the Lacys are entitled to erect the kind and character of structure on the property as they desire, save and except they cannot erect any building or structure on the portion of 33rd Street ly-

ing between Blocks Nos. 41 and 42 of the original Dean Addition and a part of Lots 9, 10 and 11, Hillcrest Annex Addition, which was formerly a part of 33rd Street, and described the property by metes and bounds; that no buildings can be built on the parts of Lots 9, 10 and 11 nearer Pine Street than the east line of the store building now rented by the plaintiff; that title to the restricted tracts described by metes and bounds is in the Lacys and that said restricted alleys are not streets, and that said agreement is a covenant not to build or erect any structure thereon; that that portion of 33rd Street running from the north line of Pine Street as now located to the projected north line of Block 42 of the original Dean Addition shall be left an open space and no structure or building erected thereon; that plaintiff take nothing against defendants Lacys by reason of his cross-action; and that defendant Crawford and his co-defendants take nothing against any of the parties on their cross-actions and pleas of intervention. The court denied the prayer for injunction without prejudice to grant injunction in the future if the facts presented to the court should warrant such action. Defendant Crawford and his co-defendants excepted to the ruling of the court and perfected their appeal.

Appellant's first point is: "Under the judgment in suits Nos. 28348 and 28417, consolidated, and the settlement agreement, 33rd Street was preserved as a street and the defendant, W. F. Crawford, had a right to use it as a street, and in the absence of damage from negligence in such use, was not guilty of a trespass as a matter of law." It is my view that this contention should be sustained.

The point raised requires a comprehensive statement. Pertinent to this discussion Crawford and his co-defendants were plaintiffs in Causes Nos. 28348 and 28417. In Cause No. 28348 the Crawfords alleged certain rights they had by virtue of having purchased property in Dean's Addition (under the original plat) and claimed certain rights in Pine Street and North 33rd Street and the alleys in the original plat. They specifically alleged that they had been in-

jured by the Lacys by virtue of a replatting of the property and that the Lacys had "obliterated and disregarded the subdivision of said lots in Block 41 and the location and existence as an open street of said 33rd Street by executing a new plat creating what is therein denominated as Hillcrest Annex Addition causing said plat to be filed for record * * * and that in said new plat the dimensions and locations of said lots in Block 41 are completely changed, and said 33rd Street as shown in said Dean's Addition plat is wholly obliterated and converted into lots in said new Block 'J' of said Addition, and being a part of lots 7, 8, 9, 10, 11 and 22 in such new block * * * and is offering lots for sale according to the new plat, and unless restrained and enjoined, will sell such property in accordance with said new plat and permit structures to be built thereon in accordance with said new plat;" that they are "threatening to use said portion of 33rd Street included in said new addition for the creation of what is known as a community store center to be used for business and commercial purposes, and to that end is proceeding to close up said street and erect thereon such community stores or business structures, or offer said property for sale for said purpose; that if the lots and streets as shown in said Dean's Addition plat are preserved the residences on plaintiffs' lots will face residences that cannot exceed the restricted number in said Block 41 and a broad street to the west thereof open to the north beyond such lots; and that the closing up of said street will destroy or greatly diminish the value of plaintiffs' property, and the plaintiffs are entitled to have such area environment preserved as fixed in said plat and said agreement."

Among other things, the Crawfords prayed that the Lacys be restrained "from closing 33rd Street at any place in the full length thereof as shown in said Dean's Addition plat; from placing any structure thereon; from constructing any store house or building thereon; from doing any act or thing that will in any wise interfere with or diminish the use of said street as an open

street; and from conveying, selling or otherwise disposing of the area included in 33rd Street as shown in said plat."

The Crawfords and the Lacys thereafter executed an agreement wherein they compromised and settled the matters in controversy in the above numbered causes. This settlement agreement, among other things, bound the Lacys to convey certain lots in Block J of the Hillcrest Annex Addition (which was the new plat of the Addition) and in addition thereto provided "There will also be conveyed to W. F. Crawford that part of lot 11 of said Block 'J' east of the continuation of the present east curb line of 33rd Street subject to said restrictions above, and Crawford agrees to construct a standard curb and gutter along said line to its intersection with the west line of lot 11 only and along the present north curb line of Pine Street. The Lacys will continue to curb and gutter from the west line of lot 11 around to 33rd Street as now located." The Crawfords and the Lacys performed the above obligations. The curb line constructed in accordance with the provisions of this part of the contract crossed 33rd Street and intersected the new 33rd Street as it was extended under the terms of this agreement, and that part of 33rd Street north of the curb line constructed around and across it was closed and abandoned. The contract further provided: "No building or structure will be built on the portion of old North 33rd Street between Blocks 41 and 42 of the original Dean Addition and *said part of old 33rd Street will be kept open.* No structure of any kind will be built on the portion of Block 42 that lies on the Northeast side of present 33rd Street nearer to Pine Street than the present store building now being constructed thereon, the east line of said building is now located as follows: (then follows description of this location by metes and bounds) * * *. No building or structure for commercial or apartment use will be built on the portion of Block 42 of the original Dean Addition which lies southwest of the present 33rd Street and no part of said portion of Block 42 will be used for commercial purposes, for parking or any use incidental to neighboring busi-

nesses except the west ten feet thereof may be used for widening Carter Street and such portion of the south end of Block 42 as necessary to allow the opening of Pine Street with a curb to curb width of 60 feet from the south curb line as hereinafter provided and the portion of said block outside of a curb line as now established on the ground, curbing the corners of said portion of Block 42 as shown on the attached plat."

I think it is clear from the settlement agreement that it was the intention of the contracting parties to keep open that part of North 33rd Street there described, and to secure to the Crawfords the protection of the explicit building restrictions on old North 33rd Street and Block 42. The open street at the place in question and the above restrictions were a part of the things that the Crawfords sought to preserve in Cause No. 28417. Stated more clearly, the Crawfords in Cause No. 28417 sought to preserve the lot lines, the open streets and residential character of Blocks 42 to 45 inclusive, according to the original plat of Dean's Addition, and these were a part of the important things covered in the settlement agreement. All parties seem to agree that the residential character of Blocks 42 to 45 inclusive were preserved by the settlement agreement and judgment entered thereon, but it is the contention of the appellees that since such judgment confirmed the new plat of Hillcrest Annex Addition and quieted title to the Lacys to the area formerly a part of the old Speegleville Road and that portion of 33rd Street embraced in Hillcrest Annex Addition and the area on the north side of Block 41 of the original plat of Dean Addition and that portion of Pine Street between Blocks 41 and 42 of the original plat of Dean Addition and decreed that said streets and alleys are closed and abandoned, they (appellees) here contend (and the majority of the court now adopts such view) that old 33rd Street is now closed and abandoned at the place in question and that the only restriction placed upon them with reference to 33rd Street is the restriction upon that portion lying between Blocks 41 and 42 to the effect that the

appellees shall not erect any improvements thereon but shall leave the area open. They further contend that such restriction is not for the benefit of the public but only for persons who are the property owners abutting this property. I am not in accord with this view.

First of all, the quotation from the pleadings tendered in evidence on the trial of this cause discloses the heart of the subject matter involved in the settlement agreement. I think it is singular that there is no limitation in the settlement agreement as to the use of 33rd Street at the point in question and the language in the contract specifically provided that it shall be "kept open." In 1863 our Supreme Court in Engelking v. Von Wamel, 26 Tex. 469, point page 471, announced this general rule: "Where language is plain and unambiguous there is no reason for construction. It is never admissible to resort to subtle and forced constructions to limit or extend the meaning of language * * *." See also 39 Tex.Jur. 189, sec. 106. The foregoing rule was not changed by our Supreme Court in Citizens Natl. Bank v. Texas & Pac. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003, 1004, points 1–2, 3, 4, 5–6, page 1006. In Crosbyton-South Plains R. Co. v. Railroad Commission of Texas, Tex.Civ.App., 169 S.W. 1038, 1041, at page 1041, writ ref., we find this statement: "The primary rule of construction is that words, not technical in their nature, should be taken in their ordinary acceptation." (Date of opinion, 1914.) If the word "open" needs any definition to ascertain the intention of the parties, we find that its primary meaning as announced in Webster's New International Dictionary is: "(1) * * * affording free ingress and egress applied to passageways; as an open road * * *." I do not believe the definition quoted in the majority opinion is applicable to the factual situation here. Moreover, one of Crawford's motives for the filing of Cause No. 28417 was to preserve the status of 33rd Street and to keep it open, as well as to prevent the Lacys from constructing buildings in the streets and alleys and to enforce certain building restrictions on Block 42. The status of 33rd Street was already definitely fixed when the settlement agreement and the judgment entered thereon provided that it shall be kept open. Since the street was to be kept open, it is clear to me that it was the intention of the parties that its use would not be burdened with any limitation that might be made of its use by Crawford or anyone else. See 12 Amer. Jur. sec. 241, p. 772; Id. sec. 249, p. 787. I think the provisions in the contract with reference to the construction of the curb along the east line of old North 33rd Street and around and across old North 33rd Street to where it intersects the new 33rd Street as extended shows that it was the intention of the parties to keep this portion of 33rd Street open, and when they provided in the contract that that part of old 33rd Street therein described was to be kept open, such language meant exactly what it said. Since the contract provided in plain and unambiguous language that that part of the street was to be kept open, I cannot bring myself to believe that the parties intended that it was to be kept open within the meaning of the word as quoted in the majority opinion. If we are to arrive at the intention of the parties in the settlement agreement, we must look to the subject matter that they had in mind when they sought to settle the controversy between them. When we do this it is clear that they were not seeking to keep 33rd Street, at the point in question, as just an open space; otherwise, there would have been no need to define it by metes and bounds and provide for the construction of the curb in the manner so provided in the original agreement. I think it is pertinent to observe here that after the judgment was entered following the settlement agreement the Lacys, in pursuance of said agreement, conveyed to Crawford that part of Lot 11 of said Block J east of the continuation of the present east curb line of 33rd Street. This deed conveyed a portion of Lot 11 by express reference to North 33rd Street and the east curb line of North 33rd Street fixed by the calls in the deed as determined by survey made in connection with the deed. Since the status of 33rd Street had been definitely fixed long prior to this contro-

versy and had been dedicated by use and its location and boundaries had not been changed at the point in question by the settlement agreement and since such agreement specifically provided that said portion of the street bounded by the curb line shall be kept open, we think the rule announced by our Supreme Court in Texas Bithulithic Co. v. Warwick, 293 S.W. 160, point page 164, is pertinent and applicable and controlling here: "Therefore we think the courts are exactly right when they say that a deed does carry the property to the center of the adjoining street unless such deed contains a clause which expressly declares the contrary intention or contains some other declaration equivalent to such an express declaration. In other words, we think that the purchaser of a lot should be put definitely upon notice that he has no rights in the sidewalk and street in front of his property, if that is the intention of the grantor." (There are no such limitations or restrictions in this deed.) This exact question was before our Supreme Court in Cox v. Campbell, 135 Tex. 428, 143 S. W.2d 361 and Cantley v. Gulf Production Co., 135 Tex. 339, 143 S.W.2d 912, and the court said in the last cited case, in point 2 on page 915: " 'The rule has been definitely announced in the Warwick and Weed cases that where a deed conveys by specific field notes land abutting on a street or public highway or railroad right of way, it conveys title to the property to the center of the street, public highway, or railroad right of way; and such rule is not overcome even though the field notes describing the land stop at the side line of the street, public highway, or railroad right of way, unless a contrary intention is expressed in plain and unequivocal terms.' " Since the contract provided in plain and unambiguous language that the street at the point in question was to remain open and the boundaries thereof were expressly determined and fixed by the building of the curb line, the conveyance from the Lacys to Crawford, as above related, brings this factual situation within the rule announced by our Supreme Court in the foregoing cases, and the application of the rule is not in conflict but in complete accord with the pro-

vision in the settlement agreement that the street at the point in question will be kept open. That leads me to say again that Crawford had the right to use the street in question at the point in question, and in the absence of damage from negligence in such use he was not guilty of a trespass as a matter of law. Nor do I think that this view is in conflict with the judgment in the 54th District Court confirming the replatting of the property and quieting the title to the property in the Lacys, because all of the streets in the old Dean Addition were closed and abandoned save and except this portion of old North 33rd Street and the change that was made with reference to Pine Avenue, and it was necessary for the title to be vested in some one. Nor is it in conflict with the provision that no buildings were to be placed in the street. In this connection we think it is pertinent to keep in mind that Crawford in his suit that was under settlement was contending that the Lacys had invaded his rights by encroachments on the street and constructing buildings thereon. If it had been the intention of the parties that North 33rd Street at the place in question was to be kept open "as an unobstructed place, as land without trees or obstruction", as is the view of the majority opinion, such view was not tendered by the pleadings at the time the settlement agreement was entered, nor was such issue tendered by the pleadings in this cause, nor was there any testimony tendered to such effect. My view is that the construction placed upon this matter by the majority opinion violates the clear and express terms of the contract and engrafts upon it a construction which was not in the minds of any of the parties at the time they entered into the contract, and violates the rules of construction announced by our Supreme Court in the cases above cited. The contract between the parties is clear that all of the other streets and alleys and the old Speegleville Road were to be closed and abandoned, but that portion of North 33rd Street under consideration here was to be kept open and there was no restriction or limitation in the contract on the word "open." The primary meaning of

this word, used in connection with the street and the subject matter of the settlement agreement, is so well known and so thoroughly understood that an inferior meaning cannot be engrafted upon it. By the same reasoning the majority could hold that it was the intention of the parties that the street would be kept open as a park. The majority opinion inquires: "Why should such area be referred to as formerly part of North 33rd Street if it was to remain open as a street?" I think the answer to the question is obvious because it was only for the purpose of description and the location of the street at the point in question remained exactly as it was before the replatting of the property, and the contract provided that it be kept open.

Evidence was tendered to the effect that Crawford went upon that part of North 33rd Street that was to be kept open and did some repair work on the street for the purpose of allaying the dust. My view is that Crawford had a right to go in and upon that part of the street at will, and it necessarily follows that in doing so, absent negligent conduct, he was not guilty of a trespass, and the evidence did not tender such issue. If I be mistaken in this behalf, then the court did not have the authority to withdraw this issue from the jury.

Appellants' third point is: "The court erred in defining the point of proximity of structures on Lots 9, 10 and 11 in Hillcrest Annex Addition (Block 42, Dean's Addition) as the east line of the store-building of the plaintiff. I think this contention should be sustained. The line to which the building in Block 42 could be extended with respect to Pine Street was definitely fixed in the settlement agreement. As I understand this record, there is no contention by either party to this suit that the settlement agreement is ambiguous as to this line, nor as to the limitations placed on the construction of buildings on 33rd Street between Blocks 41 and 42, nor as to the type of structure that can be built on any part of Block 42; and since no issue was tendered by the pleadings as to the ambiguity with reference to these matters, and since no testimony was tendered to the effect that the field notes in the settlement agreement were ambiguous or erroneous, no justiciable controversy was presented as to this phase of the case, and, by reason thereof, I think the trial court was therefore without any authority to place any construction upon the same contra to the settlement agreement, and his action, insofar as it modifies or changes the decree entered in the 54th District Court, should be reversed and rendered.

Accordingly, it is my view that Crawford was not guilty of a trespass as a matter of law, and I therefore respectfully enter my dissent.