### R. A. LOVE V. STATE BANK & TRUST COMPANY OF SAN ANTONIO, TEXAS.

No. 6500. Decided February 19, 1936.
(90 S. W., 2d Series, 819.)

*Marcus W. Davis* and *P. E. Johnson,* both of San Antonio, for plaintiff in error.

Where it is shown, as in this case, that a trial judge dismissed a cause through and by his own mistake, with no judicial intention to do it, he has the judicial power, after the adjournment of his term of court, to set aside the dismissal and reinstate the cause and allow it to be tried upon its merits, there being a clear distinction between his intentional and non-intential actions. Garrett v. Gaines, 6 Texas, 447; Nevitt v. Wilson, 116 Texas, 29, 285 S. W., 1081.

*C. S. Slatton, W. J. Rogers, R. F. Spencer, A. J. Lewis,* all of San Antonio, for defendant in error.

A judgment of dismissal is a final judgment and the court cannot at a subsequent term, on motion, reinstate the case and grant a new trial. Oldham v. Heatherly, 3 S. W. (2d) 484; First Natl. Bank v. Fox, 121 Texas, 7, 39 S. W. (2d) 1085.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was filed June 8, 1918. The second amended original petition was filed November 5, 1919. The original answer was filed October 4, 1918, and first amended original answer was filed April 21, 1927. On March 27, 1928, the following order was entered:

"R. A. Love, ) In the District Court,
vs. B-17982 ) 57th Judicial District,
State Bank & Trust Co. ) Bexar County, Texas.

"On this the 27th day of March A. D. 1928, the above numbered and styled cause having been regularly called for trial, no announcements being made by either party, the Court is of the opinion that this cause should be dismissed for want of prosecution.

"It is therefore ordered, adjudged and decreed by the Court that this cause be dismissed and that plaintiff pay all cost in this behalf expended or incurred, for which let execution issue.

"R. B. Minor,
Judge of the 57th District Court,
Bexar County, Texas."

On June 19, 1928, which was after the adjournment of the term of court at which the above mentioned order was entered, the plaintiff filed a motion praying that the order of March 27, 1928, be set aside and that the cause be reinstated upon the docket of the court. On the same day the court entered an order attempting to set aside the order of March 27, 1928, and restoring the cause to the docket of the court for trial. As disclosed by the motion and the recitals in the order of June 19, 1928, it appears that this cause was, by mistake, placed upon a list of cases to be dismissed for want of prosecution, at a time when the court had under consideration certain demurrers and exceptions. There is nothing to show, however, when such demurrers and exceptions were submitted. Presumably, they were submitted about the time the second amended original answer was filed on April 21, 1927. The fact that they were under consideration by the court did not destroy the power to dismiss for want of prosecution. The special exceptions could have influenced the decision to dismiss for want of prosecution, especially in light of the fact that the case had been pending, untried, for nearly ten years; and in that event no one could doubt the power of the court to enter the order of dismissal.

In July, 1931, the defendant in the trial court filed a motion to set aside the order of June 19, 1928, alleging that it was void, because entered at a subsequent term of the court and without notice to it. This motion was overruled and the case went to trial, resulting in a judgment in favor of the plaintiff in some $20,000.00.

On appeal, the Court of Civil Appeals held that the order of

March 27, 1928, was a final judgment, and that the court was without power to set it aside on mere motion after the adjournment of the term of court at which it was entered. The judgment of the trial court was remanded with instructions to strike the cause from the docket. 57 S. W. (2d) 924. The only question for decision by this court is whether or not the Court of Civil Appeals was correct in its ruling.

■ The principles announced by this court in the case of Coleman v. Zapp, 105 Texas, 491, 151 S. W., 1040, are directly in point and decisive of this case. In that case it was said:

"It should also be noted that this proceeding did not have for its purpose the correction or amendment of the judgment rendered by the court as distinguished from the entry of the judgment upon the minutes. It sought only to amend the entry, nunc pro tunc, so as to include that which was omitted and thereby afford a faithful record of the whole judgment. In other words, it did not seek the amendment or correction of a *judicial mistake* as distinguished from a *clerical mistake* or omission. It is clearly distinguishable, therefore, from the cases of DeCamp v. Bates, 37 S. W., 644, in which a writ of error was refused by this court and which is now invoked by the plaintiff in error, Missouri Pac. Ry. Co. v. Haynes, 82 Texas, 448, and others which involved the correction, not of the entry of a judgment, but what was charged to have been a mistake in its rendition. In De Camp v. Bates the judgment as rendered was against a partnership. It was so entered without running also against the individual members of the partnership. Suit was filed to so correct it as to include a judgment against them individually. The trial court refused the relief, because, among other reasons, the evidence was not sufficient to show that the judgment as entered was not the judgment actually rendered. The case in effect was that as the judgment, not only as entered but as rendered, was not against the individual members of the partnership as it was claimed it should have been, the court was asked to correct the judgment so as to so render it. An amended rendition of the judgment was really the relief sought, which is distinctly different in its nature from an effort only to have accurately entered what had been correctly rendered.

"In Railway Company v. Haynes, the trial judge, in his computation of the damages he intended to award the plaintiffs, omitted a certain amount through oversight, and accordingly rendered judgment for a mistaken amount. The mistake con-

sisted in the *rendition of the judgment; it was a judicial mistake, not a clerical one,* and was properly held as not subject to correction by the trial court on mere motion after adjournment of the term.

"These two cases well illustrate the distinction which lies clearly defined between a suit to correct a judgment because of a *mistake of the court in its rendition, whereby an improper judgment is rendered but its entry is in accordance with the rendition,* and a proceeding to correct or supply the minutes of the court so as to have them truly recite the judgment actually rendered. To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary as its jurisdiction of the case is at an end. In the latter instance, the court may, at a subsequent term, of its own motion or upon the application of parties, order the proper entry because the inherent power that it possesses as a court over its own records, endures for the sake of their verity." (Emphasis ours).

In this instance, it appears that the order entered was prepared for this particular case and it was signed by the presiding judge. It is not contended that he signed his name thereto by mistake. There may have been a "mistake of the court in its rendition, whereby an improper judgment was rendered," but nevertheless it was a judicial act. It is recited in the motion to reinstate that this case was "inadvertently and through mistake included by the court upon a list of cases to be dismissed for want of prosecution." If it be conceded that this were true, nevertheless the situation presented a typical case for bill of review, which is designed to furnish relief against judgments entered as a result of fraud, accident or mistake. The most that can be said in favor of defendant in error is that a judgment had been entered against him by mistake. A bill of review was undoubtedly the proper remedy, as the question of whether or not such judgment was the result of a mistake should have been determined by proof, after notice, and should not rest solely upon the recital contained in a subsequent order of the court. The court unquestionably rendered the judgment which the judge signed and which was entered on the minutes, or else there was no judgment rendered at all, as it would have been a useless thing to enter an order reciting that the case was not dismissed for want of prosecution. So it is manifest that the motion could not constitute an action to "correct or supply the minutes of the court so as to have them truly recite the

judgment actually rendered." It necessarily follows, therefore, that the attempted action was to correct the judgment rendered, rather than to amend the minutes; and it is conclusively settled that this could not be done after the adjournment of the term except by bill of review, and then only after due notice to the adverse parties. In this instance, it was admitted that notice was not given, and the motion, for various reasons, was not sufficient to constitute a bill of review.

The fact that this cause had remained upon the docket of the court for nearly ten years, with no effort to bring it to trial, so far as disclosed by the record, precludes all implications of hardship because of the conclusion announced by the Court of Civil Appeals and here approved.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court February 19, 1936.