## STONE et al. v. MILLER et al.

No. 5483.

Court of Civil Appeals of Texas. Texarkana.

Nov. 28, 1939.

Rehearing Denied Dec. 7, 1939.

Bailey & Shaeffer, of Dallas, for plaintiffs in error.

Caves, Waldrop & Shaw, of Henderson, and W. E. George, of Wichita Falls, for defendants in error.

WILLIAMS, Justice.

In judgment entered, Mrs. C. M. Miller, W. A. Baber, and W. E. George, Trustees of Estate of L. P. Hammond, deceased, for the use and benefit of said estate, recovered of Jerome S. Stone and Helen Anderson, individually and as independent executors of Estate of J. W. Stone, deceased, and Jerome S. Stone, Trustee, the title to $\frac{7}{32}$ of the oil and gas leasehold estate covering a 2.5-acre tract out of the Ximines Survey in Rusk County. T. R. Boone, as intervenor, recovered of same defendants title to $\frac{1}{7}$ of said leasehold estate. Mrs. C. M. Miller as Independent Executrix was denied any recovery. The parties first named will hereinafter be referred to as plaintiffs, and the others, except Boone, will be referred to as defendants, their respective positions in the trial court.

This suit is for specific performance and for damages based upon a written contract executed by C. M. Miller, Independent Executor of Estate of L. P. Hammond, deceased, and Jerome S. Stone, by the terms of which Stone was to complete an oil well started by Hammond before his death, and after discharging the expenses and debts against the enterprise, plaintiffs alleged Stone was to assign back to the Hammond estate $\frac{1}{4}$ interest in the leasehold. In pursuance to this agreement the leasehold estate was assigned to J. W. Stone, the father of Jerome S. Stone, it being alleged that it was placed in the name of J. W. Stone in trust. We deem the foregoing is a sufficient history for an understanding of the propositions presented on this appeal.

On December 20, 1934, a suit for specific performance grounded upon this contract was filed in the Special District Court of Rusk County and given number 10837 on the docket. C. M. Miller, Administrator of Estate of L. P. Hammond, deceased, was styled Plaintiff, and Jerome S. Stone, Alice Roberts, Executrix of Estate of H. W. Roberts, deceased, and Helen Anderson, a widow, were styled defendants. The court on April 6, 1936, dismissed the suit because of want of prosecution. A motion to reinstate the cause was filed May 11, 1937, and notice of hearing to be had on May 22nd was served upon Jerome S. Stone, Helen Anderson, individually and as independent executors of the estate of J. W. Stone, and Jerome S. Stone as trustees of said estate. On this last date an amended motion to reinstate was filed, and for the first time Mrs. C. M. Miller, Independent Executrix of Estate of L. P. Hammond, deceased, and Mrs. C. M. Miller, W. A. Baber, and W. E. George, Trustees, were named as plaintiffs. This amended motion suggested death of C. M. Miller, and alleged that the trustees above named had been appointed under the provisions of the Hammond will. On May 22, 1937, the court reinstated above-numbered cause. To this action defendant excepted and gave notice of, but did not perfect an appeal. Then on same date plaintiffs herein filed what they styled their first amended original petition, carrying the same style and number as the original.

When cause No. 10837 was called for trial on December 20, 1937, at a subsequent term, defendants appeared in court and on that date filed and urged a motion for continuance. Issue was joined on this motion. After hearing evidence and argument the motion was overruled. Defendants then filed their answer, styled defendants' first amended original answer, in which they joined the issues set up in plaintiffs' amended pleading so filed on May 22nd and in which they leveled an exception to the jurisdiction of the court and further answered with general demurrer and denial, plea of not guilty, several defensive pleas of limitation in bar of plaintiffs' right to recover, and Jerome S. Stone's discharge in bankruptcy from his debts. Boone, who was interested in the litigation, was granted leave to intervene. The judgment recites that neither plaintiffs nor defendants interposed any objection to Boone's application to intervene. After plea to jurisdiction was overruled, plaintiffs, defendants and intervenor

waived trial by jury. Defendants introduced documentary evidence and numerous witnesses in their defense. Their attorney participated in the examination and cross-examination of witnesses and otherwise fully participated in the trial of the cause.

No attack is made upon the judgment rendered other than a jurisdictional question and certain limitation defenses. Defendants assert that the court's order of May 22nd reinstating the suit, after having dismissed it at a previous term, was void. And in support thereof they cite Wear v. McCallum, 119 Tex. 473, 33 S.W. 2d 723; Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819.

The regularity or validity of the court's order dated May 22nd reinstating cause No. 10837 is not necessary to sustain the validity of the judgment entered herein. If the court's order reinstating the suit was invalid, then the dismissal order remained in force. Such a dismissal would not preclude the filing of another suit by the original plaintiff or by the plaintiffs named in the first amended original petition. Southern Pac. Co. v. Winton, 27 Tex.Civ.App. 503, 66 S.W. 477; Burger v. Young, 78 Tex. 656, 15 S.W. 107; 15 T.J. pp. 268, 283.

Whether the pleadings filed on May 22nd be considered an amended original petition, or as an orginal petition of the latter-named plaintiffs, in either event defendants voluntarily appeared and answered the suit set up in the amended pleadings by first making an application for continuance. They so further appeared, waived trial by jury, and then participated fully in the trial of the case. By this conduct defendants invoked and submitted themselves to the jurisdiction of the court. The validity of the judgment entered herein is sustained. Art. 2047, R.C.S. 1925; 4 Tex.Jur. 628, Sec. 12; Degetau v. Mayer, Tex.Civ.App., 145 S.W. 1054; Republic Oil & Gas Co. v. Owen, Tex.Civ. App., 210 S.W. 319; Waco Hilton Hotel Co. v. Waco Dev. Co., Tex.Civ.App., 75 S.W.2d 968; York v. State, 73 Tex. 651, 11 S.W. 869.

The respective three, four, and five years statutes of limitation, Articles 5507, 5527, and 5509, R.C.S. of 1925, urged by defendants in bar of plaintiffs' right to recover is not tenable. The contract here involved provided that the Hammond estate was not to receive, nor was conveyance back to be executed, until the indebtedness against the leasehold had been paid and this to be paid out of the first oil run. Plaintiffs' cause of action did not accrue until June 1936, when the last indebtedness was paid. At least there is no testimony to show such indebtedness was paid any earlier.

The judgment of the trial court is affirmed.