## WILMANS v. GREAT SOUTHERN LIFE INS. CO.

### No. 13005.

Court of Civil Appeals of Texas. Dallas.

May 18, 1940.

Mrs. Edith Wilmans, of Vineyard, pro se for appellant.

· Cecil L. Simpson, of Dallas, and Vinson, Elkins, Weems & Francis and Fred R. Switzer, all of Houston, for appellee.

YOUNG, Justice.

This is an appeal from an order denying a temporary injunction. Appellant, Mrs. Edith Wilmans, filed suit for damages against appellee in a District Court of Dallas County, and ancillary thereto, prayed for immediate relief, restraining defendant Insurance Company from having execution issued on a justice court judgment in forcible entry and detainer; also asking for restraint against the Justice of the Peace, Precinct No. 7, from issuing any further orders in such cause. A fiat or notice was endorsed on the sworn petition, and upon hearing, defendant appeared by counsel and agent, but filed no answer. No testimony was offered by either party, plaintiff's verified allegations alone being considered by the court, and, as already stated, her motion for injunctive relief was disallowed.

Plaintiff's main complaint (the damage suit) set forth, in brief, that she had sold certain property to J. B. Hubble and wife, who had assumed and agreed to pay a mortgage ·thereon held by appellee, and, in addition, to give her certain equities in

other property; that pending the consummation of such deal, appellee, the Insurance Company, made statements to Hubble and wife that plaintiff had no equity in the Woodin Street property which she had agreed to convey to Hubble, such acts and statements being false and fraudulent, causing the latter and wife to repudiate the trade, with consequent damages, both actual and exemplary. This part of the cause has not been tried. The material features of plaintiff's said petition, as regards the forcible entry and detainer judgment complained of, are: "That said defendants, notwithstanding they knew that plaintiff held their deed to said property she sold to Hubbles, did file a suit in the Justice Court of Dallas County, in Oak Cliff, in forcible detainer, and alleged therein certain contracts and deeds which passed back and forth between said defendants and plaintiff, and attempted to prove title under such contracts and deeds in defendants. Plaintiff alleged that said contracts and deeds and proof of their title thereunder was beyond the jurisdiction of the Justice Court; * * * Plaintiff alleges that said contracts and deeds above mentioned in paragraph 4, were secured from plaintiff by the defendant and that she received no consideration therefor. * * * That one of said statements written by defendant attempts to take from the jurisdiction of the District Court. * * * Plaintiff further alleges that said defendant in fraud of the jurisdiction of this court has filed a suit in forcible detainer in the justice court of Dallas County. That a judgment was entered therein in favor of defendant. That said justice court did not have jurisdiction over said cause in that the sole issue before said justice court in said cause was one of title. That in the said cause this plaintiff plead the lack of jurisdiction of said court to hear said cause, which was overruled by the justice of peace hearing same, to-wit, Joe B. Brown, who entered a judgment against this plaintiff."

Nowhere in the record does it appear that appellant appealed, or applied for certiorari from the justice court judgment, this fact being tacitly admitted in her brief; neither is any reason or excuse given for such failure, except as appears in the assignments of error here presented. They are: (1) That as defendant did not in anywise contravene plaintiff's sworn petition by verified answer or testimony, the injunction should have been granted; (2)

the forcible detainer hearing and judgment attempted to adjudicate title to realty and, in effect, foreclose a purported mortgage on real estate. The district court alone having cognizance of such matters, there was an entire want of jurisdiction in the justice court, and its judgment was void; hence, the trial court was competent to take jurisdiction in the instant case without the necessity of statutory appeal; (3) an aggrieved party is not compelled to appeal from a void judgment, but may at once assert its invalidity in any court of adequate jurisdiction.

Appellant was not entitled to injunctive relief as a matter of law, because of any failure to controvert her sworn pleading; the relief sought being determinable in such case solely on the sufficiency of the bill which, for the purpose, is taken as true. Midleton v. Presidio County, Tex.Civ.App., 129 S.W. 637; Johnson v. Echols, Tex.Civ.App., 21 S.W.2d 382. Viewing the facts then from the standpoint of the plaintiff (as did the trial court), we think all assignments here presented are effectually disposed of by appellee's first counter proposition. It reads: "The appellant's petition for injunction shows affirmatively that she was present at the trial of the forcible detainer case in the Justice Court, and there being no allegation of good cause or excuse why she did not appeal to correct the alleged erroneous judgment entered in the Justice Court, the District Court was right in denying her any injunctive relief". The principle involved has long been recognized in Texas jurisprudence. In A. B. Richards Medicine Co. v. Johnson, Tex.Civ.App., 267 S. W. 1067, 1068, writ refused, where want of jurisdiction and invalidity of the justice court judgment were both plead and proved, Judge Looney, speaking for this court, said: "Was appellee required under the circumstances to avail himself of the legal remedy of certiorari in order to vacate the justice court judgment, instead of resorting to equity? We think so. The leading case on the subject, similar in all material respects to the case under consideration, is Galveston, H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S.W. 918, in deciding which the Supreme Court, among other things, said: 'We are of opinion, however, that the general rule of equity should apply, and that, if the defendant in the void judgment has had an opportunity to avail himself of a legal remedy (meaning by appeal or cer-

tiorari) to vacate it and has neglected to make use of it, relief by injunction should be denied him.' This doctrine was later followed by the Supreme Court in Texas Mexican Ry. Co. v. Wright, 88 Tex. 346, 31 S.W. 614, 31 L.R.A. 200, as shown by the following. The court said: 'The judgment of the justice of the peace, enjoined in this case, was void because the court which rendered it had· no jurisdiction of the defendant. Gulf, C. & S. F. Railway Co. v. Rawlins, 80 Tex. [579], 581, 16 S.W. 430. But the court below and the Court of Civil Appeals correctly held that the defendant in that judgment, having the right to a writ of certiorari, could not sue out an injunction to stop the execution of the judgment. The case of Railway Co. v. Ware, 74 Tex. 47, 11 S.W. 918, cited and followed by the Court of Civil Appeals, lays down the correct doctrine upon this question.' There are numerous later cases to the same effect, so the rule definitely established in this state is that, whether the judgment complained of is void, or voidable, if the complaining party has a remedy by appeal or certiorari and neglects to make use of the same, he will not be permitted to invoke relief by injunction."

See, also, 19 T.J., Forcible Entry and Detainer, sec. 5, p. 763; Smith v. Ryan, 20 Tex. 661, 662; Cohran v. Fischer, Tex.Civ. App., 61 S.W.2d 577.

■ Moreover, the contracts and deeds (concerning which, appellant contends the trial in the justice court was one of title and not of possession) were not before the district court. Plaintiff's motion for injunction being in the nature of a collateral attack on the forcible detainer judgment, the rule announced in Endel v. Norris, 93 Tex. 540, 57 S.W. 25, is quite in point. It was there argued in a subsequent suit for damages, that the value of the property under attachment exceeded the jurisdiction of the justice court, and the proceeding was therefore void. The Supreme Court held: "In this condition of the record, proof might have been made upon the trial of the case showing the value to be within the jurisdiction of the court; and it will be conclusively presumed that such proof was made, and that the court, upon inquiry, found it had jurisdiction of the subject-matter of the suit."

So, in this case, under plaintiff's own allegations, it is apparent that evidence was adduced in the justice court that resulted,

we must assume, in a finding of jurisdiction. Sikes v. Keller, Tex.Civ.App., 197 S.W. 311. The trial court's action denying the particular restraint must be affirmed.

Affirmed.