## ESKRIDGE & WILLIAMS v. MERCHANTS STATE BANK & TRUST CO.

### No. 11258.

Court of Civil Appeals of Texas. San Antonio.

Feb. 17, 1943.

Rehearing Denied March 17, 1943.

Yale Hicks, M. J. Raymond, and U. S. Algee, all of Laredo, and Sawnie B. Smith, of Edinburg, for appellants.

Gordon Gibson, of Laredo, for appellee.

MURRAY, Justice.

This is an appeal from an order dismissing this cause for want of jurisdiction rendered in the 111th District Court of Webb County by Honorable K. K. Woodley, Judge of the 38th District Court, presiding in the 111th District Court upon an exchange of benches with the Judge of that Court, Honorable R. D. Wright. The suit was originally filed by Marshall Eskridge and Frank R. Williams against Merchants

State Bank and Trust Company on April 28, 1925.

On October 7, 1935, more than ten years thereafter, the following order of dismissal was entered upon the minutes of the Court, to-wit:

"It is, on this 7th day of October, 1935, ordered that the following numbered and styled causes be, and they are hereby, dismissed for want of prosecution at the cost of the respective plaintiffs, for which execution may issue, to-wit: * * *

"No. 7230, Marshall Eskridge et al. v. Merchants State Bank & Trust Co. * * *" (Forty-nine other cases were included in the order.)

The order was reduced to writing and O. K'd. by Judge Wright before being spread upon the minutes by the clerk.

On November 27, 1940, Judge Wright entered another order annulling the order of dismissal and restoring the cause to the trial docket.

On July 9, 1942, Judge Woodley ruling in effect that Judge Wright's order of November 27, 1940, annulling the prior order of dismissal and restoring the cause to the trial docket was null and void, again dismissed said cause for want of jurisdiction.

The question raised upon this appeal relates entirely to the validity of the order of November 27, 1940, annulling the prior order of dismissal and restoring the cause to the trial docket.

As to just how and why the order of November 27, 1940, was made and entered is best explained by the certificate and order of the court, which reads as follows:

"Certificate and Order of the Court Following Hearings Relative to an Order Appearing in the Minutes Dismissing the Case for Want of Prosecution.

"This suit was filed on the 28th day of April, 1925, and appears from the Minutes of the Court to have been dismissed for want of prosecution on the 7th day of October, 1935, Minute Book 2, page 248, where the following Order appears, to-wit:

"'In the 111th Judicial District Court in and for Webb County, Texas. September Term, 1935.

"'It is, on this the 7th day of October, 1935 ordered that the following numbered and styled causes be, and they are here-by, dismissed for want of prosecution at the cost of the respective plaintiffs, for which execution may issue, to-wit:

"'No. 6862, The First National Bank of Laredo vs. Ed. B. Kotula;

"'No. 7230, Marshall Eskridge, et al vs. Merchants State Bank & Trust Co. * * *' followed by forty-eight other cases, identified by number and style as are the two above cases. This Order was typewritten and appears at the lower left hand corner to have the initials, "O. K. R. D. W." which are in the handwriting of the Judge of this Court. This Order is endorsed in the handwriting of the Judge of this Court as follows:

"' 6862,

F N Bank
   v
Cotulla and Many Other Cases
Order of Dismissal.'

"I do not remember who prepared the Order my finding is that my Court Reporter, under the directions of the Judge of this Court, prepared the Order because I do not write on the typewriter.

"The notation on the Judge's Trial Docket appears to have been made in the handwriting of the Deputy District Clerk and was evidently taken from the type-written order, it being the custom in this Court for the Clerk to make the notations on the Judge's Trial Docket, as is the custom in many other counties.

"On the 31st day of August, 1937, Cause No. 12,144, entitled Frank Williams vs. Merchants State Bank & Trust Company, was filed in this Court, involving substantially the matters at issue in Cause No. 7230; thereafter a hearing was had on a Plea of Privilege, the plea being overruled and the case is now pending in this Court.

"In about September, 1940, Mr. Frank Williams, one of the attorneys, also one of the litigants in both cases, suggested to me that he would like to have some kind of a hearing held and inquire into the validity of the order dismissing Cause No. 7230 for want of prosecution, and I inquired of him whether or not he intended to file a petition or motion, and he informed me that he did not, but either he or I, I have forgotten which, expressed the view that a petition was not necessary, and with that view I concurred and requested that the parties be given some kind of notice, informally or otherwise, and that we have a meeting and

discuss the matter. Informal notice was given and we had a meeting on October 12, 1940, at which meeting there were present Mr. Yale Hicks, Mr. Algee and Mr. Frank Williams, all representing the plaintiff, and Mr. Gordon Gibson who stated that he appeared as Amicus Curiae. At this first meeting there was some discussion and some statements were made that were not taken down by the Court Reporter, the Court Reporter's notes of that meeting began with the statement of what the Court said, and from then on seems to be complete. I do recall, however, that at that meeting Mr. Gibson stated that he remembered that the case was dismissed for want of prosecution, that he prepared an Order to that effect and tendered it to the Court later and that the Court advised him that it was not necessary to sign it since the case was included with others that were dismissed for want of prosecution, and that he returned to his office and so advised his client. There was other discussion and statements by the attorneys that I do not recall. At that meeting I asked Mr. Gibson: 'Do you want an opportunity to hold this hearing open until you put some testimony in the Record? I'll give you the privilege, I'll do that. How much time do you want, a week or two weeks?' And Mr. Gibson replied, 'I don't know whether I want to put any testimony or not, I will ask your Honor to give me two weeks, I want to see what the facts are. Your Honor told me that this morning he would find out what it was all about and that if I wanted time, thirty days, he would give them to me. This thing has been off the docket for five years,' and the Court replied: 'I was just talking generally; thirty days is a little too long. I am going to give you some time but I do not think you will change my mind. I think that I am doing the proper thing. Both sides know that there has been more or less some mystery to me about this thing; every time that it was mentioned to me it was more or less of a mystery to me * * * I'll withhold the date of my order and give you ten days or two weeks and if you want to introduce some evidence on this hearing I'll hold it open for you ten days or two weeks.' And the hearing was then held open and postponed until the 25th day of October, 1940.

"On the 25th day of October, 1940, the hearing was resumed and as the question arose as to whether or not service had been had on all interested parties, it was held open and postponed again until November 6, 1940.

"What took place at the second and third meetings will appear from a Transcript of the Court Reporter's notes, which he is requested to typewrite and file as a part of the record in this cause. The third hearing started off with the statement by the Court, to-wit: 'Is everybody ready in this case? Have you got any evidence to offer or motions to read or anything like that?' No motions were filed and none had been filed up to this time, and no evidence was offered at either one of the three hearings.

"Sometime before October 7, 1935, probably a month or six weeks before that date, the members of the Bar were advised that the Court would call the docket in order to clear it of dead cases, that is, cases that neither side intended to try in the future. The purpose, as explained to the members of the Bar, was not to press or urge the trial of cases not then ready but merely to clear the docket of cases that had been abandoned by both sides and that neither side ever intended to litigate. The intent and purpose of the Court in this respect was well known to the members of the Laredo Bar and it had been expressed to them on previous occasions when the docket was called for this purpose.

"Cause No. 7230 had been passed every time the docket was called and no action taken in the case because the Court well knew that it was being carried on the docket and the trial was being delayed to await the outcome of some litigation in San Antonio for the Court had been advised that the case could not be disposed of properly until the San Antonio litigation had come to an end.

"On the hearing of the Plea of Privilege in the year 1938 in the second case filed in this Court, that is Case No. 12,144, one of the attorneys in presenting the plea of privilege, mentioned the fact that Cause No. 7,230 had been dismissed for want of prosecution several years before, and this Court advised the attorney that he was mistaken, whereupon the attorney assured the Court that he would produce the minutes showing the Court that Cause No. 7,230 was included with the list of cases in 1935, and the Court expressed surprise that Cause No. 7,230 was included among the

cases listed because he knew he did not intend to dismiss it.

"As stated to the parties in the three hearings over this matter, I cannot certify from memory what took place on the 7th day of October, 1935, relative to the dismissal of this cause, for my memory on the subject is blank—I would not remember what was said about this cause in a discussion as to whether or not it should be dismissed anymore than I would remember what was said in one of the other 150 or 200 cases that were called on that day in order to ascertain their status, and for that reason I cannot certify from memory anything about it, but I can draw my conclusion and make a finding from the sidelights mentioned that I do remember and from the matters as presented on the three hearings, one being, and a very significant one, the absence of any evidence by any one; all that took place was discussion and after several opportunities given by the Court for that expressed purpose Mr. Gibson stated that he did not care to introduce any evidence.

"I would be unable to reconcile the action of the Court in dismissing this case with my knowledge of the fact that the case ought not to be dismissed, unless, of course, some representation had been made to the Court that the case was abandoned or had been settled and no one recalls any such representation and no contention is made that any such representation was made.

"I find that Cause No. 7,230 was inadvertently included with the list of causes to be dismissed and the approval of said Order with Cause No. 7,230 included therein was the result of an oversight on the part of the Court, and that an order dismissing the cause for want of prosecution was not pronounced.

"It is, therefore, on this the 27th day of November, 1940, ordered by the Court that the purported order of this Court of October 7, 1935, be and the same is hereby declared invalid and annulled as to said Cause No. 7,230, entitled Eskridge & Williams vs. Merchants State Bank & Trust Company, and that this Order be spread upon the Minutes of this Court as corrective of the order of October 7, 1935, and that this cause be and the same is hereby ordered restored to its place on the active docket of this Court to stand for trial as though said purported order of

October 7th, 1935, as the same relates to this case, had never been spread on the records of this Court.

"R. D. Wright,
"Judge, 111th Judicial District of Texas."

It may be assumed from the above certificate that Cause No. 7,230 was inadvertently included in the dismissal order of October 7, 1935, but it is further clear that that order was spread upon the minutes of the Court under the direction of the trial judge by initialing a written decree and delivering it to the Clerk of the Court for record.

The certificate further shows that the trial judge has no independent recollection of what was said or done by him when Cause No. 7,230 was called on October 7, 1935, but reasons from the "sidelights" that he did not pronounce from the bench that Cause No. 7,230 would be dismissed for want of prosecution, even though it was included in the written decree O. K'd. by him.

■ Under the facts shown by the trial judge's certificate, as above set out, we are unwilling to hold that a trial judge has the power upon his own motion, even after notice and hearing, to vacate a judgment that has stood for five years upon the minutes of his court without being challenged in any way, such judgment being one that he had jurisdiction to render in the first instance and having been spread upon the minutes under his written instructions in the form of an approved decree, simply because the judge has no recollection of having pronounced such a judgment from the bench in open court.

■ It is true that Articles 2228 to 2230, Vernon's Ann.Civ.Stats., provide that certain clerical errors and misrecitals in a judgment may be corrected by the court after the judgment has become final, but such articles do not give the court authority to vacate and set aside an entire judgment upon his own motion, where he has directed the clerk to enter such judgment.

This case is on all fours with Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819, and should be ruled thereby. We take the following quotation from the Love case: "It is recited in the motion to reinstate that this case was 'inadvertently and through mistake included by the court upon a list of cases to be dismissed for want of prosecution.' If it be conceded

that this were true, nevertheless the situation presents a typical case for bill of review, which is designed to furnish relief against judgments entered as a result of fraud, accident, or mistake."

The judgment is affirmed.