**TEXAS STATE BOARD OF EXAMINERS IN OPTOMETRY, Appellant,**

**v.**

**Sidney H. LANE, Appellee.**

**No. 16126.**

Court of Civil Appeals of Texas.

Fort Worth.

June 24, 1960.

Rehearing Denied Sept. 16, 1960.

———◆———

Will Wilson, Atty. Gen., Leon F. Pesek and John Reeves, Asst. Attys. Gen., for appellant.

Martin, Moore & Tackett, and Arthur Lee Moore, Fort Worth, for appellee.

BOYD, Justice.

This is an appeal by Texas State Board of Examiners in Optometry from a judgment setting aside an order of appellant canceling the license of Sidney H. Lane to practice optometry in this State.

The only point of error is that the trial court was without jurisdiction to enter the judgment appealed from because the suit filed by appellee to set aside the Board's order was dismissed by the court at a prior term.

The suit to set aside the Board's order was filed July 12, 1957. The Board filed an answer on July 17, 1957.

The following appears on the minutes of the trial court:

"Minutes of the District Court,
67th Judicial District
of Texas
"June Term, A. D. 1958
"June 10, 1958
"Order of Dismissal
"Non-Jury

"On This Day the following entitled and numbered causes were regularly reached and called for trial and the respective plaintiffs therein failed to appear in person or by attorney and prosecute their cause of action in said causes.

"Wherefore, it is Ordered by this Court that the following entitled and numbered causes be and the same are hereby dismissed for want of prosecution at the costs of the respective plaintiffs herein.

"It is further Ordered by the Court that the officers of the court may have their execution as against each and all of said plaintiffs and defendants for all costs expended herein:

"(Here follows a list of 65 cases, the only one pertinent to this cause being no. 58 on the list, as follows:)

"No. 6228–C Sidney H. Lane vs Texas State Board of Examiners in Optometry."

In May, 1958, the Judge of the 67th District Court instructed Mrs. Faye Owens, a deputy district clerk assigned as deputy clerk for said court, to place this cause on the list of cases to be dismissed on June 10, 1958. Mrs. Owens prepared the list, including this case. Mrs. Owens testified that she prepared the list in May, 1958, and that she mailed a copy to all the attorneys of record for the plaintiffs in the cases on the list, stating that the cases there listed would be dismissed on June 10, 1958, unless good cause was shown why any case should remain on the docket. Mrs. Owens testified that she had no independent recollection of mailing such notice to appellee's attorney, but her record indicated that she did, although the attorney testified that he did not receive it.

On June 10, 1958, the order above set out was placed of record. The Judge did not sign the order, but on August 29, 1958, he did sign and approve the minutes of the court for that term. The term ended on September 1, 1958. Mrs. Owens stamped on the docket sheet for this case these words: "This case was dismissed at the plaintiff's cost on Jun 10 1958 for the want of prosecution," and the Judge initialed the entry.

On November 12, 1958, appellee filed what is entitled "Plaintiff's Motion to Reinstate Cause." The Board answered the motion to reinstate, and alleged that the court was without jurisdiction to reinstate it because the term of court during which the dismissal occurred had expired on the first Monday in September, 1958. On December 22, 1958, a hearing on the motion was had, with appellee appearing in person and by counsel, and the Board appearing by counsel, and on January 5, 1959, the court signed and entered an order setting aside and vacating the dismissal order and reinstating the cause on the docket.

On November 23, 1959, the cause came on for trial on appellee's petition to set aside the order of the Board canceling his license to practice optometry, and on December 10, 1959, the court rendered and signed a judgment setting aside the Board's order, permanently enjoining the Board from enforcing the order canceling appellee's license, and ordering the Board to issue to appellee renewal certificates for the practice of optometry for 1959 and 1960, upon tender by appellee of the required fees. It is from this judgment that the Board has appealed.

It is appellee's position that the dismissal order was not a final judgment because no written draft of the order had been made or signed by the trial Judge as required by Rule 306a, Texas Rules of Civil Procedure. The Rule is in part as follows:

"Judges are directed to cause, and attorneys and clerks are directed to use their efforts to cause all judgments, decisions, and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein; * * *.

"In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond or affidavit in lieu thereof, bills of exceptions, statements of fact in trial and appellate courts, transcript in appellate court, petition for writ of error if appeal is by writ of error, or other procedure in connection with appeal; * * *."

In support of his position appellee cites Polis v. Alford, Tex.Civ.App., 267 S.W.2d 918; Alamo Casualty Co. v. Trafton, Tex. Civ.App., 228 S.W.2d 195; Mathis Independent School Dist. v. Odem Independent School Dist., Tex.Civ.App., 222 S.W.2d 270; Creswell v. Pruitt, Tex.Civ.App., 239 S.W.2d 165; Rosenfield v. Hull, Tex.Civ. App., 304 S.W.2d 571; Couch v. City of Richardson, Tex.Civ.App., 313 S.W.2d 949; and Flanigan v. Carswell, Tex.Civ. App., 315 S.W.2d 295.

We do not think Rule 306a solves the question in this case. It applies in determining the time for various steps in an appeal, but expressly provides that "this rule shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose." Also, it contains this further provision: "but absence of any such showing shall not invalidate any judgment or order"; and "In event the date of signing of a judgment or order is not shown therein as required above, then the date of rendition shall be otherwise shown of record."

It seems that all of the cases cited by appellee, except Couch v. City of Richardson, supra, deal with the time in which various steps in appeal procedure must be taken, and not whether the trial courts rendered valid judgments. The Couch case held that a judgment rendered during the second term of court after the return of a verdict was not void.

In our opinion the question here is whether the trial court made a valid and final order dismissing the case, and questions as to the time when various steps in appeal

procedure must be taken are not involved. If a valid judgment of dismissal was rendered, appellee's remedy is by bill of review. Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819.

In Freeman on Judgments, 5th Ed., Vol. 1, sec. 48, pp. 80, 81, it is said that "the rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication. * * * A judgment may be 'rendered' when the decision is officially announced either orally in open court or by memorandum filed with the clerk."

In Knox v. Long, 152 Tex. 291, 257 S.W.2d 289, 292, the Supreme Court quoted with approval the following from Appeal of Bulkeley, 76 Conn. 454, 57 A. 112:

" 'A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk, in his official capacity and for his official guidance—whether orally or by written memorandum—the sentence of the law pronounced by him in any cause. This pronouncement of the court it is incumbent upon the clerk to forthwith enter. The writing out of the judgment in the form of a judgment file, to be recorded, is a matter of subsequent clerical action. * * * Here is recognized a clear distinction not only between the judgment and the writing which is required to be made to evidence it, but also between the rendition of the judgment and the preparation of this writing at some subsequent time.' "

"On its rendition, and without entry, a judgment is final, valid, and enforceable, as between the parties, * * *." 49 C.J.S. Judgments § 100, p. 223.

In Aetna Ins. Co. v. Dancer, Tex.Com. App., 215 S.W. 962, 963, upon the return of a verdict, the court made the following entry on the docket: " 'Judgment for the defendant on verdict of jury.' " The plaintiff filed a motion for new trial. The term

ended without the judgment having been entered on the minutes. The court said: "The entry of the judgment at the April term of the court was not necessary in order to make the judgment final. Black on Judgments, §§ 106, 110. The judgment being final at the term at which it was rendered, and having in no way been set aside at that term, the court was without power, on motion for new trial, to set it aside at a subsequent term."

The Supreme Court in Eddleman v. Mc-Glathery, 74 Tex. 280, 11 S.W. 1100, said: "The judgment of dismissal at the former term was a final judgment, and it is a well-settled rule of practice in this state that after the adjournment of the term at which such a judgment is rendered it is no longer subject to the control of the trial court." See, also, Green v. Green, Tex.Com.App., 288 S.W. 406.

We think that the judgment of dismissal in the instant case was a final judgment, and if any error was involved it was a judicial and not a clerical one. The trial Judge testified: "Actually, once a year, all of the district courts here in Tarrant County, following a long standing custom list for dismissal all cases in which the record does not show any activity within the past year. * * * Now, those cases that were listed I intended to dismiss unless I got notice from the lawyers that they were still active cases, and when we received no notice from anybody on this one, after it had been posted for over thirty days, then it was my intention to dismiss it along with the other old cases which we had posted."

A judicial error may not be corrected after the term by motion. It requires a bill of review. A clerical error may be corrected on motion even after the term has ended. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819; Knox v. Long, 152 Tex. 291, 257 S.W.2d 289.

We do not consider the motion to reinstate this case to be a bill of review. It was not so treated by counsel or the trial court. Green v. Green, Tex.Com.App., 288 S.W. 406.

The judgment is reversed and the cause remanded with instructions to strike the same from the docket. State Bank & Trust Co. of San Antonio v. Love, Tex.Civ.App., 57 S.W.2d 924.