**Whit BOYD, Appellant,**

v.

**The GILLMAN FILM CORPORATION et al.,**
**Appellees.**

**No. 17328.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 7, 1969.

Rehearing Denied Dec. 5, 1969.

Grover Hartt, Jr., Wm. Andress, Jr., Andress, Woodgate & Hartt, Dallas, for appellant.

Carl A. Skibell, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

This is an appeal from a summary judgment in which the trial court denied appellant's plea for permanent injunction and also awarded appellee a judgment against appellant, and the sureties on his injunction bond, in the sum of $5,589.52.

The material antecedent facts may be summarized as follows:

On March 15, 1967 appellee Gillman Film Corporation brought suit against appellant Whit Boyd in the 162nd District Court of Dallas County, Texas, being Cause No. 67–2420–1. The record before us does not contain a copy of the pleading in this suit. On December 29, 1967, in Cause No. 67–2420–1 an interlocutory judgment was signed by the Judge of the 162nd District Court in which plaintiff was awarded judgment against defendant as to liability on the cause of action "subject to further orders of this Court." On February 26, 1968, Cause No. 67–2420–1 was dismissed pursuant to an order executed by the District Judge of the 162nd District Court, said order reciting that "said cause should be dismissed for want of prosecution." Thereafter on June 25, 1968 plaintiff, Gillman Film Corporation, filed its motion to set aside the order of dismissal wherein it was alleged that said order was entered by mistake. The next day, June 26, 1968, the Judge of the 162nd District Court signed an order entitled "Order Reinstating Cause and Setting Aside Order of Dismissal" in which it was recited that the court "having jurisdiction thereof" ordered that the judgment entered in Cause No. 67–2420–1 on February 26, 1968 be set aside and held for naught. The next day, June 27, 1968, the court signed a "Final Judgment" awarding Gillman Film Corporation a judgment against Whit Boyd in the sum of $5,589.52.

On July 8, 1968 Boyd filed his motion for new trial complaining of the action of the trial court in rendering judgment on June 27, 1968. No action was taken on this motion for new trial and, accordingly, the same was overruled by operation of law. No appeal was perfected.

On September 5, 1968 Boyd, individually and doing business as Crescent International Pictures, Inc., filed this action in the 162nd District Court of Dallas County, being No. 68–7707–1, complaining of the Gillman Film Corporation and Irving Gillman, in which it was alleged that defendants were threatening to attempt collection of the judgment rendered on June 27, 1968; that plaintiff had no adequate remedy at law; that the judgment rendered was null and void since the trial court had no jurisdiction to grant same; and requesting the trial court to issue a temporary restraining order, and a temporary and permanent injunction restraining defendants from attempting to secure the issuance of a writ of execution or the legal process to collect said judgment and that such judgment be declared null and void and of no

force and effect. The defendants, Gillman Film Corporation and Irving Gillman, answered by a general denial.

Boyd filed his motion for summary judgment, supported by certified copies of the various orders of the trial court in Cause No. 67–2420–1, recited above, and praying for judgment decreeing the alleged "Final Judgment" in said cause to be null and void and for a permanent injunction restraining the enforcement or collection thereof.

Gillman Film Corporation and Irving Gillman filed their motion for summary judgment in which it was alleged that injunctive relief sought by Boyd was not proper because Boyd had an adequate remedy at law which precluded the granting of the injunction sought. The motion for summary judgment contained the prayer that "the Court to render judgment in its favor dissolving any temporary injunction heretofore issued in this Cause, and dismissing this Cause and discharging Defendants with their costs and for such other and further relief to which Defendants may be justly entitled."

The trial court overruled the motion for summary judgment filed by Boyd and sustained the motion filed by Gillman Film Corporation and Irving Gillman. The court rendered judgment denying Boyd his application for permanent injunction and granted the Gillman Film Corporation and Irving Gillman a judgment, jointly and severally, against Boyd and the sureties on the injunction bond, for the sum of $5,589.-52, with interest and costs. The judgment stayed the enforcement of the judgment pending outcome of this appeal.

## OPINION

Appellant Boyd presents four points of error: (1) that there are no pleadings to sustain the judgment for $5,589.52; (2) that the district court had no jurisdiction to render the alleged final judgment of June 27, 1968 and therefore same was void; (3) that the void judgment is subject to attack by injunction; and (4) that

this court should sustain appellant's motion for summary judgment and render judgment granting permanent injunctive relief.

The primary question presented is the validity of the judgment of the 162nd District Court dated June 27, 1968. It is without dispute in this record that such judgment was signed by the judge of that court approximately four months following the entry of a valid order of dismissal of the cause of action in Cause No. 67–2420–1. Rule 329b, Section 5, Vernon's Texas Rules of Civil Procedure, expressly provides:

"Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision (1) of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty days from the date of the rendition of judgment."

■■■ Thus during the period of thirty days after the date of rendition of judgment or order overruling an original or amended motion for new trial, the trial judge retains plenary power and jurisdiction to take whatever action he may deem desirable to change, alter or modify the judgment rendered. Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952) and Stonedale v. Stonedale, 401 S.W.2d 725, 728

(Tex.Civ.App., Corpus Christi 1966). However, after the expiration of the thirty day period so designated by the rule, the trial court loses jurisdiction over the judgment. Having lost jurisdiction the trial court may only correct the judgment for a clerical error. It has no right to correct a judicial error, such remedy being by bill of review. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819 (Tex.Com. App.1936); and Texas State Board of Examiners in Optometry v. Lane, 337 S.W.2d 801 (Tex.Civ.App., Fort Worth 1960, writ ref'd). The action on the part of the trial judge in this case in signing the order of dismissal on February 26, 1968 was a judicial and not a clerical one. Texas State Board of Examiners in Optometry v. Lane, supra.

We are of the opinion that the judgment signed by Judge Walker of the 162nd Judicial District Court on June 26, 1968, in which he attempted to set aside the judgment of dismissal signed by him on February 26, 1968, as well as the judgment signed by him on June 27, 1968, was void for the simple reason that the court had lost jurisdiction of the prior judgment thirty days after its entry.

Our Supreme Court has had occasion to expressly declare similar judgments to be void and wholly ineffective. In Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961), the late and lamented Justice Norvell, in reviewing an order of the district judge signed more than thirty days beyond the period prescribed by Rule 329b, T.R.C.P., said: "We regard the order relied upon by the District Judge as being void upon its face and wholly ineffective." Justice Norvell continued:

"A judgment which discloses its invalidity upon its face anywhere at any time is a nullity and may be disregarded anywhere at any time. The present order, having been rendered after the expiration of a period of time prescribed by the Rules of Civil Procedure, is similar to an order entered out of term time. It has no efficacy and could have been ignored by the District Judge as it constituted no impediment to his proceeding with a re-trial of the case."

In a more recent case, Buttery v. Betts, 422 S.W.2d 149 (Tex.Sup.1967), Justice Pope, speaking for the court, in considering an order which had been entered more than thirty days in violation of Rule 329b(5), T.R.C.P., said:

"The order in the Community case insofar as it purported to set aside the judgment in the Peoples case is void, Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961), and this court may issue a writ of mandamus ordering the trial court to set it aside. State Board of Insurance v. Betts, 158 Tex. 83, 308 S.W.2d 846 (1959); State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272 (1939); Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905 (1924)."

The invalidity of a judgment may be shown by the record other than the judgment itself. The complete record before us demonstrates total absence of jurisdiction on the part of the trial judge to enter the order of June 26, 1968 and it necessarily follows that the judgment rendered in the same cause on June 27, 1968 is likewise void and of no effect. Scruggs v. Gribble, 41 S.W.2d 643 (Tex.Civ.App., Amarillo 1931); Texas-Carolina Oil Co. v. Fires, 121 Tex. 396, 48 S.W.2d 600 (Tex.Com. App.1932, opinion adopted); Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Texas State Board of Examiners in Optometry v. Lane, 337 S.W.2d 801 (Tex. Civ.App., Fort Worth 1960, writ ref'd); and Cargill, Inc. v. Van Deweghe, 384 S. W.2d 216 (Tex.Civ.App., Texarkana 1964).

Appellee, by counterpoint, takes the position that even assuming the judgment complained of is either void or voidable such fact has no materiality here for the reason that not having pursued his legal remedy of appeal from the July 27, 1968 judgment,

appellant may now not be entitled to equitable relief. In support of this proposition appellee relies principally upon the case of Wilmans v. Great Southern Life Ins. Co., 141 S.W.2d 407 (Tex.Civ.App., Dallas 1940, no writ), in which the general rule of equity was applied concerning the nonavailability of equitable relief where adequate legal remedy existed. While the Wilmans case has not been expressly overruled the holding therein has not been followed by more recent cases.

In Lowe and Archer, Texas Practice, Injunctions and Other Extraordinary Proceedings, Chapter 7, paragraph 313, an interesting note is found on pages 315–316, as follows:

"Although appeal may be considered an adequate remedy in either instance, a void judgment is subject to collateral attack and injunctive relief against the enforcement of such a judgment is not dependent upon the absence of any adequate remedy at law. See, Carey v. Looney, 113 Tex. 93, 251 S.W. 1040; Maier v. Davis, Tex.Civ.App., 72 S.W.2d 308, no writ history; Smith v. Givens, Tex.Civ.App., 97 S.W.2d 532. While the expressions to the contrary in some cases (see, Wilmans v. Great Southern Life Ins. Co., Tex.Civ.App., 141 S.W.2d 407), have not been specifically overruled, the better reasoned decisions are to the effect that if a judgment is wholly void its enforcement may be restrained by injunction without any showing of meritorious defense or the absence of an adequate remedy at law. See, Pye v. Wyatt, Tex.Civ.App., 151 S.W. 1086, no writ history; Adams v. Epstein, Tex. Civ.App., 77 S.W.2d 545, no writ history; Lewis v. Terrell, Tex.Civ.App., 154 S.W.2d 151, writ ref. w. m."

In Lewis v. Terrell, 154 S.W.2d 151 (Tex.Civ.App., Austin 1941), Justice Blair, in passing upon a similar contention advanced, stated:

"And where, as in the instant case, it appears from the face of the record that the judgment sought to be enforced is void, its enforcement may be enjoined by a collateral proceeding, even though a right of appeal or writ of error may exist." (Citing cases.)

■ The idea that a dead judgment may be revived by mere inaction to perfect appeal or writ of error is contrary to the very basic concept of void judgments. "Although a void judgment may be attacked directly, as well as collaterally, there is no necessity for doing so; it need not be vacated or set aside; it may be simply ignored. And when some right is asserted under the judgment, its invalidity may be pointed out by anyone in any kind of proceeding, in any court, and at any time." 34 Tex.Jur.2d, § 260, p. 170, and cases cited. We think the proposition advanced by appellee here is completely answered by the opinion of Justice Norvell in Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961). As discussed above, this case involved a very similar order entered after the expiration of the period of time prescribed by the Rules of Civil Procedure and the court said that such order has no efficacy and could have been ignored by the district judge. Justice Norvell, in considering the contention that equitable relief was not available where the legal remedy of appeal was shown, said:

"We are not unmindful of the general rules that mandamus being an extraordinary remedy will not lie when ordinary remedies are adequate, and that usually the ordinary remedy by appeal is adequate. * * * An order which proclaims its voidness upon its face needs no appellate action to proclaim its invalidity. It is one thing to say that a void order *may* be appealed from but it is another thing to say that it *must* be appealed from for it would be anomalous to say that an order void upon its face must be appealed from before it can be treated as a nullity and disregarded. An order which must be appealed from be-

fore it is ignored can hardly be characterized as 'void' and binding on no one."

Accordingly, we overrule appellee's counterpoint and hold that the void judgment of the 162nd District Court is subject to attack by injunction even though appellant failed to prosecute his appeal from such judgment.

 The general rule that execution upon a void judgment may be restrained by injunctive relief is not questioned. We sustain appellant's fourth point of error to the effect that the trial court should have sustained his motion for summary judgment and granted the permanent injunction restraining appellee from seeking the issuance of a writ of execution upon the judgment of July 27, 1968.

We also sustain appellant's point one in which he attacks the judgment rendered against him and the sureties on his injunction bond, because of absence of pleadings to support such relief. As pointed out above this was an equitable action instituted by appellant solely for the purpose of restraining the execution upon a void judgment. Appellee answered with a general denial, asserting no affirmative relief. In its motion for summary judgment appellee merely prayed that the injunctive relief be denied. Nowhere is there any pleading by appellee seeking a judgment in damages against appellant. Therefore, the action on the part of the trial court in granting such relief was erroneous.

We sustain all of appellant's points of error. The judgment of the trial court is reversed and judgment is here rendered declaring that the judgment rendered in Cause No. 67-2420-1 in the 162nd District Court of Dallas County, Texas, recorded in Vol. M, page 512 of the Minutes of such court, is null and void and of no force and effect. Judgment is further rendered granting appellant a permanent injunction restraining and enjoining appellee Gillman

Film Corporation from applying for, securing or causing the issuance of any writ of execution, attachment or garnishment or any other writ from the District Clerk of Dallas County to be used in collecting monies or enforcing the judgment in Cause No. 67-2420-1.

Reversed and rendered.