**E. J. FOURTICQ et al., Appellants,**

v.

**FANNIN BANK, Appellee.**

No. 411.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 25, 1970.

Rehearing Denied Dec. 16, 1970.

Neal B. Marriott, Casbeer Snell, Jr.,
Houston, for appellants.

Joe H. Reynolds and Lloyd F. Thanhouser, Reynolds, White, Allen & Cook, Houston, for appellee.

SAM D. JOHNSON, Justice.

Suit upon a promissory note and guaranty thereof brought by Fannin Bank, appellee, against Robert Martin and the appellants here, E. J. Fourticq and Morris Jaffe. After a settlement was reached with Martin, Fannin Bank took a non-suit as to that defendant. When the case was presented on its merits the trial court withdrew the case from the jury and gave judgment as prayed for to the plaintiff, Fannin Bank, against Fourticq and Jaffe.

Between the taking of the non-suit and the trial certain events occurred which are determinative of the outcome of this case. On October 2, 1967, the cause stood as a pending case with Fannin Bank as the plaintiff and Fourticq and Jaffe as the defendants. On this date, October 2, 1967, a docket entry was effectuated indicating the case was dismissed for want of prosecution. The docket entry in its entirety is "Oct 2, 1967 DISMISSED FOR WANT OF PROSECUTION 509/421." The date and action appear to have been entered by rubber stamp. The number refers to the volume and page of recordation of the court's later written judgment and is a written entry. It is upon this entry and the occurrences of October 2 that this case turns for the question is whether or not they constitute a "rendition" of judgment.

On October 31, 1967, the judge of the trial court signed the written judgment pertaining to the dismissal. This written judgment incorporated the October 2nd dismissal docket, a listing of over one hundred cases. Correctly included therein was the instant case "674,352 Fannin Bank v. Robert H. Martin." The last paragraph of the written judgment recited:

" * * * the above entitled and numbered causes came on to be heard and no good cause having been shown why same

should not be dismissed for want of prosecution;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the above entitled and numbered causes, and each of them, is and are dismissed for want of prosecution * * *

* * * * * *

"Signed and entered this 31st day of October, 1967."

The written judgment then reflects the signature of the judge of the trial court.

On November 3, 1967, three days after the court's written judgment, a Motion for Reinstatement was filed on behalf of Fannin Bank. The motion was heard and granted on December 4, 1967. On December 6, 1967, the written order of reinstatement was signed and entered.

Appellant's first two points of error contend that the trial court lost jurisdiction after 30 days had expired following October 2, 1967. If the events that transpired on October 2 constitute a "rendition of judgment" these points must be sustained. "Judgments shall become final after the expiration of thirty (30) days after the rendition of judgment * * *." Rule 329b, Sec. 5, Texas Rules of Civil Procedure. If the signing and entry of the written judgment on October 31, 1967 was the "rendition of judgment" all of the court's other actions were timely taken.

It was stipulated that the dismissal for want of prosecution of October 2, 1967 followed the procedure generally used in civil cases in Harris County and was occasioned pursuant to Rule 12(1) of the Rules of the District Court. Under such procedure the clerk of the court prepares a list of those cases that are subject to being dismissed approximately 60 days prior to the designated date. In each case the attorney for the plaintiff is notified by mail of the "show cause" hearing. The complete listing of the cases is posted in the office of the district clerk. A list is prepared of those cases where no appearance is made and it is this list which is incorporated in the court's written order of dismissal. After the court has signed the order, it is set out in the minutes of the office of the district clerk.

It is not disputed that the "show cause" notice was mailed to and received by counsel for Fannin Bank in this instance. Bank's counsel mistakenly assumed, however, that this notice pertained to one of the three other pending "Fannin Bank v. Martin" cases. By virtue of the disposition here made we do not think this factor to be of significance, however. There is likewise no dispute about the action of the trial judge on the date in question. At a hearing on this issue the court stated to counsel:

"Gentlemen, to make it absolutely crystal clear, the Court has an independent recollection of taking the bench on the morning of October 2, 1966, and calling this dismissal docket for the purpose of allowing any party to show cause why it should not be dismissed and those parties not showing cause in writing in accordance with the rules at that time the cases in which no good cause was shown why it should not be dismissed were announced as dismissed from the bench and later on, with this number of cases, the order was prepared and signed on the date that the Order of Dismissal contains."

There is no question but that a dismissal for want of prosecution is a final judgment. Boyd v. Gillman Film Corporation, 447 S.W.2d 759 (Tex.Civ.App., err. ref., n. r. e.); Texas State Board of Examiners in Optometry v. Lane, 337 S.W.2d 801 (Tex. Civ.App., err. ref.); Stuart v. City of Houston, 419 S.W.2d 702 (Tex.Civ.App., writ ref., n. r. e.). Neither is there any contention that Fannin Bank's motion to reinstate constituted a bill of review. Counsel are further in agreement that the instant motion to reinstate constitutes a motion for new trial. "A motion to reinstate is in the nature of a motion for new trial." Drawe v. McGuffin, 355 S.W.2d

738 (Tex.Civ.App., no writ hist.); Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819 (Tex.Com.App.1936); Moody & Tips Lumber Co. v. South Dallas Bank & Trust Co., 246 S.W.2d 263 (Tex.Civ. App., writ dismd.); Hancock v. Gathright, 451 S.W.2d 591 (Tex.Civ.App., no writ hist.).

Appellant's reliance is placed upon Comet Aluminum Company v. Dibrell, 450 S. W.2d 56 (Tex.Sup.1970); Texas State Board of Examiners in Optometry v. Lane, supra; Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Drawe v. McGuffin, supra; First Nat. Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085 (1931); Hancock v. Gaithright, supra; Boyd v. Gillman Film Corporation, supra; and Stuart v. City of Houston, supra. In what we consider to be appellant's strongest authority, Texas State Board of Examiners in Optometry v. Lane, supra, the court initialed a docket sheet entry of a dismissal for want of prosecution and later signed and approved the minutes of the court for that term. There was no subsequent written order or judgment. A motion to reinstate was filed over five months later and subsequently granted. The appellate court held *the subsequent reinstatement to be ineffective because the judgment had been previously rendered.*

We believe the correct response in the instant fact situation, however, is to be found in the words of Justice Norvell in speaking for our Supreme Court in Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701, 704, "* * * Our Rules of Civil Procedure must be construed so as to produce harmony rather than discord. * * *" In Godeke the decree contained two dates, October 30 on which the cause " 'came on to be heard * * *' " and December 21 on which date such decree was " 'Signed and entered * * *.' " There, as here, the trial judge " * * * followed the recommendations of Rule 306a in reciting the date of the rendition of judgment * * *." Rule 306a, after directing that all efforts be

used to have judgments and orders reduced to writing, dated and signed by the trial judge provides:

> "In determining the periods within which the various steps of an appeal must be taken, the date of rendition or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file a motion for new trial, * * *."

Rule 329b, Sec. 5, provides that:

> "* * * After the expiration of thirty (30) days from the date judgment is *rendered* or motion for new trial overruled, the judgment cannot be set aside except by bill of review * * *." (Emphasis added)

It is these two rules that must be reconciled. In Ex parte Godeke, supra, the court did so by concluding:

> "* * * The question here is one of pendency. A cause still pends in a trial court so long as a judgment rendered therein remains subject to attack by motion for new trial or subject to judicial vacation or modification by such court under the terms and provisions of Rule 329b."

We believe it to be the intent of our Rules of Civil Procedure that, even in the case of a dismissal for want of prosecution, a cause be considered as pending during that period of time necessary for the preparation of the court's written judgment as urged by Rule 306a. We conclude that the court's judgment in the instant case was rendered on the date indicated in its written judgment, October 31, 1967, and overrule appellant's points of error in this regard. See Noble v. Texacon Industries, Inc., 367 S.W.2d 872 (Tex.Civ.App., no writ hist.); Maddox v. Schwartz, 439 S. W.2d 369 (Tex.Civ.App., no writ hist.); Jackson v. Gish, 440 S.W.2d 121 (Tex.Civ. App., writ ref., n. r. e.).

We have carefully examined appellants' two remaining points of error and they are overruled. The judgment of the trial court is affirmed.